## CAROL J. TAMMEN v. CECIL M. TAMMEN.

182 N. W. (2d) 840.

December 18, 1970—No. 42397.

*Scallen, Farnes, Evidon & Mauer, Harold E. Farnes,* and *R. Gordon Nesvig,* for appellant.

*Barnett, Ratelle, Hennessy, Vander Vort & Stasel,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Rosengren, JJ.

MURPHY, JUSTICE.

Appeal from an order of the district court granting a motion to amend the judgment and decree in a divorce action with rela-

tion to support money for minor children of the parties. It is contended that the court abused its discretion by altering a provision contained in a prior order entered in 1965 pursuant to a stipulation of the parties or was without power to do so.

The parties were divorced in 1961, at which time there were four minor children. Defendant, a registered architect, had a gross income of approximately $15,000 a year. Plaintiff was given custody of the children, and defendant was required to pay alimony of $280 a month and the sum of $80 a month for each of the children.

In 1965, defendant moved to terminate alimony payments. The merits of this proceeding were not litigated, and it was disposed of by an order made pursuant to a stipulation. The order provided that as each child reached his 18th birthday, the monthly alimony payable to plaintiff would be reduced $70. Thus, on May 1, 1973, when the youngest child reaches 18, plaintiff's right to alimony will be terminated. The support money, however, for the minor children, on the basis of $80 a month, was continued.

On November 7, 1969, a hearing was held on a motion by plaintiff requesting that the court amend the original decree to increase the amount required to be paid for child support. Plaintiff asked that the sum be fixed at $200 a month for each child until emancipation or age 21 or until such child became self-supporting. As a result of this motion, support money for each of the minor children was increased by order of the court from $80 a month to $150 a month. In the present posture of these proceedings, defendant, age 49, pays $70 monthly alimony and $150 a month for each of the two minor children, ages 15 and 20.

While there is considerable evidence in the record with reference to the circumstances of the parties and the earning capacity of the minor children, we are concerned here only with the reasonableness of the court's order requiring support money of $150 a month for each of the two minor children.

■ Defendant's contention that in effect the order fixing support money entered in 1965 is res judicata and cannot be altered

is without merit. The fact that the order was predicated upon a stipulation does not deprive the court of authority to award suitable amounts for the support of minor children. The basic right of minor children to support by the parents may not be affected by any agreement between the parents or third persons. Courts will not be bound by an agreement between parents affecting the rights of minor children with respect to support, but will be controlled by the welfare of the child as the paramount consideration. Kiesow v. Kiesow, 270 Minn. 374, 133 N. W. (2d) 652; Mund v. Mund, 252 Minn. 442, 90 N. W. (2d) 309; Mark v. Mark, 248 Minn. 446, 80 N. W. (2d) 621. In Hellman v. Hellman, 250 Minn. 422, 426, 84 N. W. (2d) 367, 371, we said:

"Where the divorce decree has adopted a stipulation agreed upon by the parties, such stipulations are purely advisory to the court and do not limit its discretionary power to determine whether a future change in circumstances warrants revision, but they are entitled to considerable evidentiary weight which will make the court more reluctant to modify the original decree than it would otherwise be, particularly where the parties have had the benefit of able counsel in so stipulating. Stipulations of this kind are deemed to have been entered into in view of the authority conferred upon the court by statute and they are merged into the judgment, but they are not contracts which bind the court or preclude it from making such changes as the changes in circumstances justify. Mark v. Mark, *supra.*"

Whether a trial court has used sound discretion in amending the provisions of a divorce decree under Minn. St. 518.23 must depend upon whether the record reasonably and clearly supports a finding that circumstances have so materially changed that the modification is fair and equitable. Mark v. Mark, *supra;* Hellman v. Hellman, *supra;* Senn v. Senn, 254 Minn. 294, 95 N. W. (2d) 27; Larkin v. Larkin, 261 Minn. 414, 113 N. W. (2d) 75; Kiesow v. Kiesow, *supra.* We have invariably held that it is within the power of the trial court under § 518.23

to make such modifications respecting alimony or support money subsequent to the entry of judgment in a divorce action as changed conditions and circumstances of the parties may require. Mark v. Mark, *supra;* Hellman v. Hellman, *supra;* Larkin v. Larkin, *supra;* Kiesow v. Kiesow, *supra;* 6 Dunnell, Dig. (3 ed.) § 2805.

It is apparent from the record that defendant is a successful architect whose income and professional standing has grown substantially throughout the years. In 1965, his gross income was in the neighborhood of $22,000, and, in 1969, it had increased to $33,000. He was president of an architectural firm for several years and has recently joined a different firm. The record indicates that his annual salary is currently $24,000, with profit-sharing benefits. He receives additional compensation of $2,000 a year for car allowance, and dividends and interest of $600 or $700 a year. Plaintiff has been employed as a registered occupational therapist consultant under a 5-year Federal grant. Her present gross income from that employment is $10,005. She owes a balance of approximately $19,000 on a home she has purchased on installments. When the income and financial circumstances of the parties are viewed in light of the increased support and tuition expenses of the minor children, we cannot say that the trial court abused its discretion in amending the decree by increasing the amount of support money.

Plaintiff is allowed attorney's fees in the amount of $300.

Affirmed.