■ ARTHUR H. GUTERDING, Respondent, v HELEN GUTERDING, Appellant. —In an action in which the defendant wife was granted a judgment of divorce, she appeals (1) from an order of the Supreme Court, Nassau County, dated October 9, 1975, which, after a hearing, denied her motion (a) to modify the judgment of divorce so as to include therein alimony provisions and (b) for counsel fees, and (2) as limited by her brief, from so much of a further order of the same court, dated December 4, 1975, as, upon reargument, adhered to the original determination. Appeal from the order dated October 9, 1975 dismissed as academic, without costs or disbursements. That order was superseded by the order made upon reargument. Order dated December 4, 1975 reversed insofar as appealed from, without costs or disbursements, and defendant's motion to modify the judgment of divorce and for counsel fees is granted to the extent that a *de novo* hearing is directed on all of the issues. The issue of defendant's support was not adjudicated at the time she was granted a divorce. Special Term, during the trial of the action for divorce, stated that "The judgment can show she is not asking for any support or any alimony at this time, but that is not to indicate the Court approves her waiving of support and she has the right to come back, should the need require it." Accordingly, defendant has the right to apply for support at this time and to have a full hearing to determine the issues, albeit without the application of the "change of circumstances" principle which, under the facts of this case, was not pertinent and should not have been considered by Special Term. Gulotta, P. J., Hopkins, Martuscello and Damiani, JJ., concur.

■ IORIO CONSTRUCTION CO., INC., Appellant, v KSI MECHANICAL CONTRACTORS, INC., Respondent.—In an action to recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Westchester County, dated June 21, 1976, which denied its motion for summary judgment and for an assessment as to damages. Order affirmed, with $50 costs and disbursements. We agree with the Special Term's finding that the pleadings and motion papers raise factual questions which preclude the granting of the relief requested. Hopkins, Acting P. J., Martuscello, Damiani and Suozzi, JJ., concur.