**In Re the Marriage of Norma Jean McMAHON, petitioner, appellant,**

v.

**Vincent L. McMAHON, respondent.**

**No. C0–83–14.**

Supreme Court of Minnesota.

Nov. 10, 1983.

Lindquist & Vennum, Jerold F. Bergfalk, Minneapolis, Grathwol, Oberhauser & Randall, Ltd., Kurt D. Schuman, Wayzeta, for petitioner, appellant.

Meier, Kennedy & Quinn, Andrew J. Eisenzimmer, St. Paul, for respondent.

KELLEY, Justice.

The parties were divorced in 1968. The divorce decree reserved to the court the right to determine spousal maintenance in the future. In 1982, appellant's motion to require respondent to pay spousal maintenance was granted by the Hennepin County District Court. Additionally, that order provided that respondent would have a lien on the former homestead of the parties which had been granted to the appellant in the original divorce decree for all maintenance paid. We hold that granting the lien violated Minn.Stat. § 518.64, subd. 2 (1982) prohibiting modification of property dispositions in dissolution cases, and accordingly we reverse.

In 1968, a decree of divorce dissolving the marriage of the parties was entered in Hennepin County District Court. The decree reserved to the court the right to determine spousal maintenance in the future. Pursuant to stipulation entered into between the parties at that time and incorporated in the decree, appellant was given custody of four of the seven children of the parties, and respondent was ordered to pay monthly child support payments. Appellant was also awarded the homestead, a three-bedroom rambler, subject to a lien of $3,500 in favor of the four younger children. The homestead had been purchased in 1956 for $17,500, and at the time of the divorce had an outstanding mortgage of in excess of

$16,000. Since that time, appellant has resided in the homestead and has made all mortgage payments. Apparently, respondent made all support payments as required by the original decree. He moved back into the homestead for a period of approximately 8 years after the marriage dissolution and during this time continued to pay appellant $400 per month, thereby satisfying his support obligation. Even after he moved from the home, he continued to pay appellant $400 per month until mid-July 1980, when he ceased making payments. Thereafter, appellant commenced this action seeking maintenance from July 1980 and continuing.

After considering all of the evidence submitted, the trial court entered an order that respondent resume making the $400 monthly maintenance payments, but the court further granted respondent a lien interest in appellant's homestead for all maintenance paid by him after July 1, 1981.

It is clear the court had jurisdiction to make the maintenance award. Minn.Stat. § 518.55 (1982). *See, e.g., Harder v. Harder,* 312 Minn. 300, 251 N.W.2d 703 (1977). In making a maintenance award at a later date, the court must base its determination "upon the facts and circumstances existing at the time the application [for maintenance] is made, as if the entire [divorce] action had been brought at the later date." *Harder,* 312 Minn. at 302, 251 N.W.2d at 704 (footnote omitted).[1] Although the court used the erroneous "substantial change in circumstances" test applicable when an increase in prior maintenance is sought, nevertheless, it did award maintenance. We can find no clear abuse of discretion in the amount awarded, even had the *Harder* test been employed.

At the hearing before a referee, the respondent argued that appellant's home-

stead was in excess of appellant's needs and urged the court to require her to sell the home in order to support herself. Neither the referee nor the trial court accepted that contention, but the trial court did grant a lien to respondent along with the maintenance awarded. The lien was to be for the total amount of maintenance that the respondent paid after July 1, 1981.

Except for an award of the right of occupancy of the homestead, all divisions of real and personal property at the time of the divorce are final. Minn.Stat. § 518.64, subd. 2 (1982). While the statute grants the court power to impose a lien upon the property, it contemplates a lien to secure payment of maintenance, not a lien to secure repayment of maintenance. *See Faus v. Faus,* 319 N.W.2d 408 (Minn.1982). By granting respondent a lien under the circumstances here existing, the court essentially effected a redistribution of the once divided property. In granting the lien, the trial court essentially gave respondent a "share" in the homestead.

Accordingly, we reverse and remand the matter to the trial court for the determination of maintenance. The determination should be made upon the facts and circumstances existing at the time of the application for maintenance. The respondent should have no lien upon the homestead awarded to the appellant at the time of the original decree.

Reversed and remanded.

---

1. The "substantial change" test applicable when modifying existing maintenance awards does not apply in the present case since this is an initial determination of maintenance. In the case at bar, the trial court stated "respondent has had no substantial change of circumstances from the date of the Decree." This would constitute reversible error if the trial judge had failed to award maintenance. On remand, the trial court should abandon the "substantial change" analysis and consider instead the factors listed in Minn.Stat. § 518.552 (1982).