**In re the Marriage of Patricia Ann MULROY, petitioner, Respondent,**

v.

**Michael Don MULROY, Appellant.**

**No. C5-83-1899.**

Court of Appeals of Minnesota.

Aug. 28, 1984.

Lawrence Olson, St. Paul, for appellant.

Joel N. Heiligman, Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and RANDALL and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal by appellant father from a post-decree order of the court directing the father to pay child support in the sum of $216 per month. Respondent mother urges dismissal of the father's appeal because he failed to file a timely brief. We consider the matter on the merits and affirm.

## FACTS

The parties' marriage was dissolved in December 1979. One child was born of the marriage in January 1979. Under the terms of the judgment and decree, the mother was granted custody of the minor child. The father's obligation to provide child support was reserved. In October 1983, pursuant to the mother's request that child support be established, the trial court ordered the father to pay support of $216 per month. The court also ordered that child support be adjusted every two years to reflect changes in the cost-of-living index. The trial court found that the father has "adjusted to a lifestyle based upon no child support payment; however, the time has now come for the respondent to fulfill his obligation for child support." The court further found that the parties' present incomes are similar to their incomes at the time of the marriage dissolution. The stipulation between the parties upon which the decree of dissolution was based indicated that the mother had a net monthly income of $1,100 and the father, who was seasonally employed, had net weekly income of $237.

The father filed a timely appeal from the trial court order and indicated that no transcript would be necessary. When he failed to file his brief within the required thirty days after filing the notice of appeal, the appeal was dismissed upon motion of the mother and order of this court dated March 7, 1984. The father moved for reinstatement of the appeal. Reinstatement was granted by order of this court dated April 10, 1984.

## ISSUES

1. Should this court reconsider the father's untimely filing of his appellant's brief despite the fact that this court has already addressed that issue in two prior orders?

2. Did the trial court abuse its discretion in establishing a post-decree child support order absent compliance with requirements of Minnesota Statutes Section 518.64 when there had been a reservation of support in the decree of dissolution?

## ANALYSIS

1. Rule 131.01 of the Minnesota Rules of Civil Appellate Procedure reads in relevant part:

If the transcript is obtained prior to appeal or if the record on appeal does not include a transcript, then the appellant shall serve and file his brief and appendix with the clerk of the appellate courts within 30 days after the filing of the notice of appeal or order granting review.

Appellant's failure to meet the requirements of Rule 131.01 resulted in dismissal and subsequent reinstatement of the appeal by this court. The mother now once more requests that this court dismiss the father's appeal for failure to comply with the time requirements of Rule 131.01. This court addressed the wife's request in both of its orders of March 7, 1984, and April 10, 1984. It is not appropriate to reconsider the timeliness issue anew here, and we decline to do so.[1]

2. Minnesota Statutes Section 518.64(2) (Supp.1983) provides in relevant part:

Subd. 2. Modification. The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; ... or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

The father argues that it was improper for the trial court to order child support because the trial court did not make the finding of changed circumstances which is required under Section 518.64(2). We must determine whether, in fact, there was a modification here that would invoke the provisions of this section. At least one state has ruled that a reservation of child support in the decree allows the court to subsequently determine an appropriate child support level without a showing of changed circumstances. *Guterding v. Guterding*, 55 A.D.2d 614, 389 N.Y.S.2d 401 (1976).

This question is one of first impression in Minnesota. However, the Minnesota Supreme Court has addressed this issue in the context of spousal maintenance awards.

In *Harder v. Harder*, 312 Minn. 300, 251 N.W.2d 703 (Minn.1977), the parties reserved alimony payments in the decree of dissolution. Later, wife sought amendment of the decree to allow an award of alimony. The Supreme Court reversed the trial court's denial of that award stating:

We hold that by stipulating to the court's reservation of jurisdiction over the issue of alimony, the parties preserved the court's authority to do in the future what it could have done at the time of the divorce decree. When that authority is invoked by a subsequent application for alimony, the court must then make the initial determination of the propriety of an award and its amount. That determination must be based upon the facts and circumstances existing at the time the application is made, as if the entire action had been brought at the later date. It was reversible error to deny alimony on the ground that plaintiff must show a substantial change of circumstances subsequent to the date of the divorce. We reverse and remand for further proceedings not inconsistent with this opinion.

*Id.* at 302, 251 N.W.2d at 704.

More recently, the Minnesota Supreme Court has again addressed the question of reservation of maintenance in a dissolution decree. In *McMahon v. McMahon*, 339 N.W.2d 898 (Minn.1983), the court ruled:

In making a maintenance award at a later date, the Court must base its determination "upon the facts and circumstances existing at the time the application ... is made, as if the entire ... action had been brought at the later date."

*Id.* at 900 (quoting *Harder*, 312 Minn. at 302, 251 N.W.2d at 704).

A footnote in *McMahon* indicated that:

---

**1.** We note that the father's appeal is from a post-decree order *granting* relief. There is no appeal as of right from such an order. This issue was not raised by either party. Under the facts here presented, it would be possible for the parties to request clerical modification of the trial court order to provide for amendment of the decree. An amended decree could be prepared and entered, and appeal taken from that document. While that would be the preferred procedure, in the interest of economy and expediency to both parties and the court, we will grant discretionary review in the present posture.

The "substantial change" test applicable when modifying existing maintenance awards does not apply in the present case since this is an initial determination of maintenance.

*McMahon* at 900, n. 1.

The father argues that the differences between spousal maintenance and child support prevent application of the *Harder* and *McMahon* rationale to the issue of child support. We do not agree. The concerns expressed by the court in the spousal maintenance cases apply with even greater vigor to child support awards. Unless an award of spousal maintenance is specifically reserved in the dissolution decrée, spousal maintenance is forever waived. *Berger v. Berger*, 308 Minn. 426, 242 N.W.2d 836 (1976). Such waiver is not permitted in the case of child support. *Mund v. Mund*, 252 Minn. 442, 90 N.W.2d 309 (Minn.1958). The best interests of minor children are served by ensuring that they receive adequate support consistent with the financial abilities of their mothers and fathers to provide that support.

█ A reservation of spousal maintenance in the decree permits the court to subsequently establish a maintenance award without the need of showing a change of circumstance. Certainly then, in the case of child support, the court should be permitted to establish a child support award subsequent to a reservation of that support in the decree without the need of showing a change of circumstance. That is precisely what the trial court did here. It would have been proper for the trial court to establish an award of child support at the time of the decree based on the net incomes of each party. Instead, child support was reserved in the decree pursuant to the stipulation between the parties and approval of the court. The abbreviated record before us on this appeal does not set forth details of the rationale underlying that stipulation. It does, however, contain the court's findings as to the parties' income in the decree and the court's finding in this appealed order that the parties continue to have similar incomes at the present time. Thus, under the circumstances of this case it was proper for the court to do in 1983 that which it could have done in 1979.

█ Finally, the husband argues that the reservation of support was identical to an award of zero support. Therefore, argues the husband, support was established at the time of the decree and the provisions of Section 518.64 do apply. We believe there is a distinction between a provision that no support is to be awarded at the time of the decree, and a reservation of the issue of support at the time of that decree. That distinction is made in *Englund v. Englund*, 352 N.W.2d 800 (Minn.Ct.App.1984). The court in *Englund* refused to modify a child support provision in the decree unless the parties could show a change of circumstances. In that case, unlike the instant matter, the court at the time of the decree had directed that the father was to be the sole support of the minor children. Under those circumstances, a child support determination had been made at the time of the decree. It was then proper to require that the provisions of Section 518.64 be met before that award was modified.

## DECISION

The trial court did not abuse its discretion in establishing a child support award without requiring a change of circumstances pursuant to Minnesota Statutes Section 518.64 when the matter of child support had been reserved in the decree of dissolution.

Affirmed.