**Larry D. SOHNS, Respondent,**

v.

**Theodore PEDERSON, Jr., Appellant.**

**No. C3–84–244.**

Court of Appeals of Minnesota.

Sept. 18, 1984.

Darel F. Swenson, Wayzata, for appellant.

Paul L. Pond, Reed & Pond, Mound, for respondent.

Heard, considered, and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

This is an appeal from the trial court's decision on respondent Sohns' claim that appellant Pederson sold him stolen equipment and "fraudulently, willfully and unlawfully obtained money from plaintiff [Sohns] under false pretenses." Pederson asserted the statute of limitations as an affirmative defense.

The trial court hearing the case without a jury found for Sohns, concluding Pederson was equitably estopped from asserting the statute of limitations. He awarded Sohns $4,620 in damages, plus pre-judgment interest of $1,531.90. We affirm in part and reverse in part.

## FACTS

Ted Pederson bought a Bobcat (a small tractor) in November 1976 for $2,500 cash from a man he met in a bar. Pederson only knew the seller's first name, but assumed he had title to the Bobcat.

In August 1977, Pederson sold the Bobcat, along with a truck and trailer, to Larry Sohns. Pederson did not tell Sohns the circumstances of his purchase. Sohns did not think a certificate of title was required, but Pederson said he expected a title of some sort from his seller and would pass it on to Sohns. Sohns paid $7,620 for the three items. In March 1979, the police impounded the Bobcat as stolen. Sohns notified Pederson. Negotiations followed, wherein Pederson repeatedly indicated he might obtain a replacement Bobcat for Sohns. Sohns eventually served a complaint on Pederson in April 1982.

At trial on June 14, 1983, Pederson asked leave to file an amended answer adding the affirmative defense of the statute of limitations prescribed by Minn.Stat. § 336.2–725 (1982). In his opening remarks, Pederson's counsel noted that the complaint sounded in fraud and contract (breach of warranty of good title). He moved to dismiss on the grounds that the complaint lacked the necessary elements to state a claim of fraud, and the statute of limitations barred the breach of warranty claim. The court granted permission to file the amended answer, but denied the motion to dismiss.

After trial, the judge issued findings of fact which set out the elements of the breach of warranty. They include a finding that Pederson concealed the circumstances of his purchase from Sohns. There is also a finding that Sohns relied on Pederson's representations and the settlement negotiations in delaying filing suit. The judge concluded Pederson was estopped from asserting the statute and was indebted to Sohns.

## ISSUES

1. Whether the trial court erred in finding a breach of warranty and barring defendant from asserting the statute of limitations as a defense.

2. Whether the trial court erred in awarding pre-judgment interest.

## ANALYSIS

1. The evidence supports the trial court's findings that a breach of warranty of title occurred. Minn.Stat. § 336.2–312 (1982). The statute of limitations for a breach of a contract for sale of goods is four years. Minn.Stat. § 336.2–725(1) (1982).

A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made.

Minn.Stat. § 336.2–725(2) (1982). Absent estoppel, Sohns' cause of action accrued in August 1977, and was barred in August 1981, some eight months before the complaint was served on Pederson.

Pederson claims he did not have notice of the equitable estoppel doctrine. This argument is without merit. Pederson raised the statute of limitations defense in a motion to dismiss shortly before trial. That motion was granted by the court. Sohns had no formal opportunity to respond at that point. Pederson clearly had notice of the facts underlying Sohns' claim, even if the doctrine of estoppel itself was never asserted. Finally, Pederson did not object to testimony at trial regarding the parties' post-repossession activities. This testimony relates only to the issue of estoppel, not to the underlying breach. Pederson's failure to object may be viewed as consent to litigate the issue. *Folk v. Home Mut. Ins. Co.*, 336 N.W.2d 265 (Minn.1983).

Estoppel requires proof of three elements: 1) defendant made representations on which 2) plaintiff reasonably relied, and 3) plaintiff will be harmed if estoppel is not invoked. *Northern Petrochemical Co. v. United States Fire Ins. Co.*, 277 N.W.2d 408, 410 (Minn.1979). Estoppel is a fact question, and is governed by the unique facts of each case. *Id.* Findings of fact by the court shall not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01.

A plaintiff's assertions that the defendant stated he was involved in an investigation that might lead to settlement is sufficient factual showing of a representation. *Brenner v. Nordby*, 306 N.W.2d 126 (Minn.1981). Sohns testified that, over a period of one to two years, Pederson repeatedly promised to provide a replacement Bobcat. This is a sufficient factual basis for the court's finding of a representation.

A plaintiff's statement that he relied on those representations in belief that a settlement would be reached may be sufficient factual basis for the reliance ele-

ment. *Id.* Sohns testified that he trusted Pederson would follow through, and continued to do business with him. Pederson's replacement offers to Sohns allegedly hinged on some real estate deal, and he told Sohns it would take time to resolve it. A promise of future action, such as an agreement to extend the time of payment on a note, is enough to stop the running of the statute of limitations, without an express mention of the statute. *Albachten v. Bradley*, 212 Minn. 359, 3 N.W.2d 783 (1942).

It was not clearly erroneous for the trial court to find that Sohns' reliance was reasonable for at least eight months, enough time to find the service was timely.

Finally, Sohns would be harmed if the doctrine of estoppel is not invoked. He would have neither the Bobcat, nor reimbursement for its loss.

2. Pre-judgment interest is allowed on unliquidated claims:

only where the damages were readily ascertainable by computation or reference to generally recognized standards such as market value and not where the amount of damages depended upon contingencies.

*Potter v. Hartzell Propeller, Inc.*, 291 Minn. 513, 518, 189 N.W.2d 499, 504 (1971). When damages arise from more than one source, it may be impossible for the defendant to determine his liability. *Moosebrugger v. McGraw-Edison Co.*, 284 Minn. 143, 170 N.W.2d 72 (1969).

There were three items included in the purchase here. The parties never priced the individual items. The Bobcat was already three years old at the time of purchase, and the parties disputed its condition. Each placed a very different value on the Bobcat, disputing the appropriate standard and date for valuation. We find that Pederson could not have so readily ascertained the amount of damages as to permit an award of pre-judgment interest.

## DECISION

The trial court properly found a breach of warranty and barred defendant from asserting the statute of limitations, but the award of pre-judgment interest was error.

Affirmed in part; reversed in part.