**In re the Marriage of Judith Suzanne FIFIELD, Co-Petitioner, Appellant,**

v.

**James Guy FIFIELD, Co-Petitioner, Respondent.**

No. C9–84–1771.

Court of Appeals of Minnesota.

Jan. 15, 1985.

Robert F. Henson, Glenn Olander-Quamme, Henson & Efron, P.A., Minneapolis, for appellant.

Michael A. Stern, Fredrikson & Byron, P.A., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant Judith Fifield appeals the trial court's modification of the parties' dissolution decree. Appellant claims the trial court should have applied the child support guidelines when modifying child support and that the trial court abused its discretion by reducing respondent's child support obligation. We affirm.

## FACTS

The marriage of the parties was dissolved on December 13, 1983. The judgment reflected an agreement of the parties reached through lengthy and detailed negotiations. As part of the settlement, appellant Judith Fifield received cash and assets of over $500,000. This amount includes spousal maintenance averaging $2,000 per month which is nonterminable upon appellant's remarriage. Appellant has remarried, and her new husband earns approximately $47,000 per year.

In addition to the $500,000 in cash and assets, support of $800 per month was awarded for each of the parties' two children. In reference to the $1,600 per month child support obligation, the original dissolution decree stated:

The amount of child support provided for herein presupposes that the children of the parties, as they are eligible to do so, are enrolled in a private school, Blake School, and that the cost of their enroll-ment will be paid by Judith Fifield from the support allowance.

The record indicates the $800 figure included a $300 per month contribution of respondent toward costs for the children's private education. The parties dispute whether appellant knew she would have private schooling costs greater than the sum contributed by respondent.

In summer 1984, appellant informed respondent she would not enroll the children in Blake School for the following year. When appellant would not change her mind about enrolling the children in public school, respondent filed a motion requesting the trial court to order enrollment of their children in Blake School. In the alternative, respondent requested child support be reduced by $300 per month per child. Appellant countered by moving to have child support increased to $900 per month per child.

After considering the affidavits submitted by the parties, the trial court made the following findings of fact:

4. That the amount of child support provided by said Judgment and Decree presupposed that the children would be enrolled in a private school, Blake School, and that the cost of enrollment would be paid by Judith Fifield from the support allowance.

5. That of the amount of child support contemplated by the parties at the time of the execution of the stipulation was $500 per month per child for the support of the children, and $300 per month per child for the cost of enrollment in a private school, namely Blake School.

6. That the two minor children are enrolled in Minnetonka Public Schools for the 1984–85 school year.

7. That attendance at Minnetonka Public Schools will satisfy the educational needs of the children.

8. That the needs of the children in other respects have not increased.

9. That the financial resources of Judith Fifield have not decreased.

The court reduced the child support to $500 per month per child for years when the children are not enrolled in private school, and this appeal followed.

## ISSUES

1. Did the trial court err by refusing to apply the child support guidelines when modifying child support?

2. Did the trial court abuse its discretion by reducing the amount of child support?

## ANALYSIS

1. Appellant claims the child support guidelines contained in Minn.Stat. § 518.-551, subd. 5 (1984) should be applied when a motion for modification of support is brought under Minn.Stat. § 518.64, subd. 2 (1984). Under the guidelines, respondent's child support obligation would be $900 per month. Minn.Stat. § 518.551, subd. 5 (1984).

In *Hadrava v. Hadrava,* 357 N.W.2d 376 (Minn.Ct.App.1984), this court held the child support guidelines are applicable to modifications of child support, "provided the court first finds the substantial change in circumstances required for such an order." *Id.* at 379.

In order for the trial court to apply the guidelines in this matter and increase respondent's child support, the court would first need to find a material change in circumstances justifying an increase in child support under Minn.Stat. § 518.64, subd. 2 (1984). Here, however, the facts indicate just the opposite. Appellant's needs have significantly decreased because the children are not attending private school. The children's needs have not increased, and respondent's income has not increased.

Further,

[W]hen a stipulation fixing the respective rights and obligations of the parties is central to the award, the trial court reviewing the original order or decree should view it as an important element because it represents the parties' volun-

tary acquiescence in an equitable settlement.

*Claybaugh v. Claybaugh,* 312 N.W.2d 447, 449 (Minn.1981). It would be inequitable to undermine these agreements through application of the guidelines where the parties knowingly and voluntarily deviated from them by their stipulation.

Voluntary dissolution stipulations often result from barter concerning child support, spousal maintenance, and property settlement. In this matter, for example, tax planning appears to have been a major consideration. Although child support was set at less than provided in the guidelines, appellant received compensating provisions for spousal maintenance payments which do not terminate upon remarriage and large cash payments as part of the property settlement. Application of the guidelines under these circumstances would discourage voluntary settlement in dissolution proceedings.

2. The modification of child support is within the discretion of the trial court. A clear showing that the trial court abused its discretion must be made before this court will reverse. *See Arora v. Arora,* 351 N.W.2d 668, 671 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Oct. 11, 1984); *see also Kiesow v. Kiesow,* 270 Minn. 374, 380, 133 N.W.2d 652, 657–58 (1965).

We do not believe the trial court abused its discretion by ordering a reduction of child support.

## DECISION

The trial court did not err when reducing respondent's child support payments for years the children attend public schools.

Affirmed.