**In re the Marriage of Karen Rose O'CONNOR, Petitioner, Respondent,**

v.

**Philip Christopher O'CONNOR, Appellant.**

No. C1-85-2214.

Court of Appeals of Minnesota.

May 6, 1986.

---

Richard D. Goff, Eugene E. Weyer, Goff, Kaplan & Wolf, P.A., St. Paul, for respondent.

John P. Guzik, Lawrence D. Olson & Associates, Roseville, for appellant.

Heard, considered and decided by POPOVICH, C.J. and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order denying a post-decree motion for establishment of child support and for an award of attorneys fees. Respondent seeks review of the denial of her motion for enforcement of the property settlement. We affirm.

## FACTS

The marriage of appellant Philip O'Connor and respondent Karen O'Connor was dissolved by a judgment and decree entered October 1, 1984. The parties had reached a stipulation covering all issues.

Appellant was granted custody of the two minor children (one child is still a minor). The homestead, located in Randolph, was to be immediately listed for sale. The decree did not expressly provide for occupancy of the homestead pending sale, but assigned the responsibility for maintenance and house payments to appellant. The house has been listed, but has failed to sell, and appellant continues to live there. He remarried shortly before the trial court hearing.

Respondent was not ordered to pay child support. Both support and spousal maintenance were reserved. The property settlement provided that the net proceeds from sale of the homestead, and related farm equipment, was to be split equally between the parties.

Appellant brought a motion in July, 1985, to amend the decree by establishing a child support award. This motion was scheduled to be heard on September 18. A conflict arose between counsel as to a continuance or rescheduling of that hearing. Respondent filed a notice to remove the assigned judge, but obtained the same hearing date. Appellant's counsel refused to agree to a continuance of one month, so respondent's counsel obtained an *ex parte* order continuing the hearing to October 24. Appellant claims the purpose of this action was to meet the one-year requirement for a motion for a change in custody. Minn.Stat. § 518.-18(a) (1984).

Respondent made a number of countermotions, besides the change of custody motion, which included a request for custody evaluations. She sought an order requiring appellant to vacate the homestead to facilitate its sale, an order requiring him to pay her the share of the life insurance cash values awarded to her in the decree, and an order setting spousal maintenance. She does not seek review of the denial of maintenance or of a change in custody.

Respondent claimed the house would not sell because appellant failed to maintain it in a presentable condition. Appellant claimed the house was difficult to sell because of its location and the reputation of the local school district. He also stated that the house had been on the market before the dissolution.

After the October 24 hearing, appellant's counsel submitted to the court a copy of a case which he had cited at the hearing on the issue of child support. Respondent's counsel then submitted a letter memorandum distinguishing the case. Appellant claims that this was an improper submission. Appellant's responsive letter memorandum was not received by the trial court before it issued its order.

The trial court denied all motions. It noted "[a]n insufficient showing of a change of circumstances to warrant any amendment to the stipulation."

## ISSUES

1. Did the trial court abuse its discretion in declining to order respondent to pay child support?

2. Did the court abuse its discretion in failing to award appellant "bad faith" attorneys fees?

3. Was the denial of respondent's motion for enforcement of the terms of the property division an abuse of discretion?

## ANALYSIS

*1. Child support*

■ Appellant submitted statements of his income and expenses in support of his motion to set child support. He did not attempt to show a change in financial circumstances since the dissolution. He contends that the trial court abused its discretion by requiring such a showing of a change of circumstances.

This court held in *Mulroy v. Mulroy*, 354 N.W.2d 66, 69 (Minn.Ct.App.1984), that there is no need to show a substantial

change of circumstances in order to establish support which has been reserved in the judgment and decree. Although the trial court found an "insufficient showing of a change of circumstances," we believe it was not referring to the standard for modification of a support order. *See* Minn.Stat. § 518.64, subd. 2 (1984). The trial court gave this as the reason for denying "any amendment to the stipulation," and had before it motions not related to child support. Thus, the court was referring more generally to the circumstances which might justify any alteration in the voluntary agreement of the parties.

A stipulation is not binding on a court hearing a petition for modification, but is an important consideration, since it represents the parties' voluntary acquiescence in an equitable settlement. *Ramsay v. Ramsay*, 305 Minn. 321, 323–24, 233 N.W.2d 729, 731 (1975). Although a child's right to support may not be waived by parental stipulation, *Mund v. Mund*, 252 Minn. 442, 446, 90 N.W.2d 309, 312 (1958), this court has recognized that:

> [v]oluntary dissolution stipulations often result from barter concerning child support, spousal maintenance, and property settlement. * * * Although child support was set at less than provided in the guidelines, appellant received compensating provisions for spousal maintenance payments which do not terminate upon remarriage and large cash payments as part of the property settlement.

*Fifield v. Fifield*, 360 N.W.2d 673, 675 (Minn.Ct.App.1985). The trial court acted well within its discretion in respecting the terms of the stipulation of the parties, particularly since little more than a year had passed since the agreement.

■ The trial court did not abuse its discretion in receiving the letter memorandum submitted by respondent's counsel after the hearing. We do not presume that the court considered, let alone followed, the memorandum distinguishing *Mulroy*, particularly since the court's reasoning is unrelated to the issue in *Mulroy*. *See City of Brooklyn Center v. Metropolitan Coun-*

*cil*, 306 Minn. 309, 314, 243 N.W.2d 102, 106–07 (1976) (a presumption of correctness attaches to the actions of the trial court unless the record establishes otherwise).

### 2. "Bad faith" attorneys fees

Appellant claims he was entitled to attorneys fees because respondent obtained a continuance, allegedly in order to postpone child support and to be able to bring a motion for a change in custody. *See* Minn. Stat. § 518.18(a) (motion cannot, under normal circumstances, be brought within one year after the decree).

■ Absent clear evidence of bad faith or of a frivolous claim, this court will not reverse a trial court's denial of attorneys fees under Minn.Stat. § 549.21. *Kass v. Kass*, 355 N.W.2d 335, 338 (Minn.Ct.App. 1984). The trial court is to be affirmed absent an abuse of discretion. *National Recruiters, Inc. v. Toro Co.*, 343 N.W.2d 704, 709 (Minn.Ct.App.1984).

■ There was no abuse of discretion in denying attorneys fees. Respondent's custody motion was only one of a number of motions before the court, and was accompanied by a motion for a custody evaluation. The parties had agreed to postpone child support and the court declined to alter the agreement by setting support. There is no clear evidence of bad faith in the record.

### 3. Enforcement of property division

■ Respondent contends that the trial court abused its discretion by failing to order appellant to vacate the homestead to make it easier to sell, and to pay her half of the proceeds of loans made on the cash value of life insurance policies.

The court did not abuse its discretion in failing to order appellant to vacate the homestead in order to make it easier to sell. The decree set no deadline for sale. Moreover, there was evidence from which the court could have found that the failure to sell was not attributable to appellant's continued occupancy.

■ Appellant admitted failing to split the proceeds from the cash value of one policy. He alleged that respondent committed offsetting violations of the terms of the property settlement.

We cannot say there was an abuse of discretion in denying respondent's motion. The trial court could have found offsetting violations; moreover, the judgment and decree refers to three insurance policies. An equal overall division of insurance proceeds could still be accomplished from the remaining policies.

## DECISION

The trial court did not abuse its discretion in declining to set child support award, or in denying attorneys fees to appellant. There was no abuse of discretion in denying respondent's motions to enforce the terms of the property settlement.

Affirmed.