**In re the Marriage of Cynthia Lynn AUMOCK, Petitioner, Appellant,**

**v.**

**Jeffrey A. AUMOCK, Respondent.**

**No. C9–87–196.**

Court of Appeals of Minnesota.

Aug. 18, 1987.

Marianne M. Milloy, Brainerd, for appellant.

Robert H. Wenner, St. Cloud, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

The 1983 decree dissolving the parties' marriage incorporated a stipulation whereby respondent Jeffrey Aumock was granted custody of the parties' two children and waived child support. In 1986 he moved the court to order appellant Cynthia Aumock to pay child support. The court concluded that appellant has a child support obligation but did not determine an amount of support. Appellant argues that the court abused its discretion in modifying the decree without finding that there has been a change in circumstances that makes the terms of the original decree unreasonable and unfair. We affirm.

## FACTS

The parties were married on September 23, 1978. They have two children, a son born in 1979, and a daughter born in 1981. A dissolution decree, based upon a stipulation, was entered on February 24, 1983. Respondent was granted custody of the children, and appellant was allowed unlimited visitation rights. The decree further provided "that child support be waived both now and in the future." At the time of the dissolution, appellant was employed and respondent was unemployed.

Respondent is now part owner of a bus company, with gross earnings of $600 a week. Appellant is now unemployed.

In July of 1986, respondent filed a motion requesting that the court order appellant to pay child support. The motion was heard before the same trial court that presided over the dissolution proceeding. The trial court granted the motion, concluding:

> the Stipulation on which Findings of Fact and Conclusions of Law, Order for Judgment and Judgment dated 2/24/8[3] in which the [appellant] was relieved from child support obligation "both now and in the future" were contrary to public policy and not in the best interest of the children and unenforceable. Respondent is entitled to child support from [appellant].

Because appellant is unemployed, the trial court did not order her to begin making payments. However, the court indicated the matter would be reviewed in 90 days and that the judgment may be amended at that time.

## ISSUE

Inasmuch as a decree permanently waiving child support is against public policy and unenforceable and child support is to be deemed reserved in the dissolution decree, must the court follow the provisions of Minn.Stat. § 518.64, subd. 2 when subsequently establishing a child support award?

## ANALYSIS

■ As this court has observed, child support "relates to non-bargainable interests of children." The non-custodial parent has an obligation to commit a certain amount of his or her income to the child. *Quaderer v. Forrest,* 387 N.W.2d 453, 455–56 (Minn.Ct.App.1986). The supreme court has stated:

> The basic right of minor children to support by the parents may not be affected by any agreement between the parents or third persons. Courts will not be bound by an agreement between parents affecting the rights of minor children with respect to support, but will be controlled by the welfare of the child as the paramount consideration.

*Tammen v. Tammen,* 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970).

■ These considerations are reflected in the trial court's conclusion that respondent's waiver of child support is against public policy. Although respondent may have been willing to permanently bargain away child support when the stipulation was prepared, the rights of the minor children are not subject to determination through such a bargaining process. Any agreement between the parents waiving child support cannot be binding on the trial court, which must be guided primarily by a concern for the best interests of the children.

■ The trial court erred when it incorporated the stipulated permanent waiver of

support in the decree. Such a provision, as the trial court has now recognized, is contrary to public policy and unenforceable and must be set aside.

■ However, abrogation of the support waiver leaves the decree silent on the issue of support. We find it appropriate and equitable both to the parties and to the children to interpret the decree now as containing a reservation of support provision.

The trial court's post-decree order in effect recognizes and continues such a reservation. The court stated:

> Respondent is entitled to child support from [appellant]. Because [appellant] is currently unemployed, she is not required to pay child support at this time. However, the Court will review the issue of child support in 90 days and may amend its Order at that time.

While appellant does not challenge the rejection of waiver of child support nor the substitution of a reservation therefor, she does allege that the trial court has modified the decree without finding a change of circumstances as required by Minn.Stat. § 518.64, subd. 2 (1986). We find no merit in appellant's argument. First, the trial court has concluded only that under the decree, appellant has a child support obligation and that the amount of that obligation will be determined in the future.

Further, we believe that appellant's insistence that Minn.Stat. § 518.64, subd. 2 applies here is misplaced. This court has recently addressed this issue and found section 518.64, subd. 2 inapplicable under circumstances similar to the present case. In *Mulroy v. Mulroy*, 354 N.W.2d 66 (Minn.Ct.App.1984), we discussed the supreme court's ruling in *Harder v. Harder*, 312 Minn. 300, 251 N.W.2d 703 (Minn.1977), and *McMahon v. McMahon*, 339 N.W.2d 898 (Minn.1983), both of which found section 518.64, subd. 2 to be inapplicable to maintenance when it was reserved in the decree and subsequently awarded upon motion. In connection with the issue of child support, we observed:

> The concerns expressed by the [supreme court] in the spousal maintenance cases apply with even greater vigor to child support awards. Unless an award of spousal maintenance is specifically reserved in the dissolution decree, spousal maintenance is forever waived. Such waiver is not permitted in the case of child support. The best interests of minor children are served by ensuring that they receive adequate support consistent with the financial abilities of their mothers and fathers to provide that support. (citations omitted)
>
> * * * Certainly then, in the case of child support, the court should be permitted to establish a child support award subsequent to a reservation of that support in the decree without the need of showing a change of circumstance.

*Mulroy*, 354 N.W.2d at 69.

We concluded in *Mulroy* that when the trial court makes an award of support following a reservation of the matter, it must base its determination on facts and circumstances existing at the time of the application for support, as if the entire action had been brought at the later date. *Id.* at 68. Therefore, when the trial court here establishes an award of child support, it must do so without reference to Minn.Stat. § 518.-64, subd. 2.

## DECISION

■ Inasmuch as a decree permanently waiving child support is against public policy and unenforceable and child support is to be deemed reserved in the dissolution decree, the trial court must establish a subsequent child support award based on its determination of facts and circumstances existing at the time of the application for support, and without reference to Minn. Stat. § 518.64, subd. 2.

Affirmed.