**In re the Marriage of Cynthia Alexandra McNATTIN, Petitioner, Appellant,**

v.

**Robert F. McNATTIN, Respondent.**

No. C9–89–1269.

Court of Appeals of Minnesota.

Jan. 16, 1990.

Philip K. Arzt, Michael D. Dittberner, Kathleen Worner Kissoon Law Office, Bloomington, for appellant.

Steven H. Snyder, Maple Grove, for respondent.

Heard, considered and decided by GARDEBRING, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

GARDEBRING, Presiding Judge.

The trial court denied appellant Cynthia McNattin's motion for child support, concluding that she could not obtain child support absent a showing of change in circumstances. The trial court also awarded attorney fees to respondent Robert McNattin. Cynthia appeals from the judgment of the trial court. We affirm.

## FACTS

The parties' marriage was dissolved in February 1977 and Cynthia was awarded custody of their minor child. Later, in September 1979, by the parties' agreement, the trial court granted custody of the child to Robert. From July 1979 to April 1986 Cynthia did not contribute to the child's expenses. She stopped working full time, attended law school, and in 1984 started her legal career. In the meantime Robert remarried and had four additional children.

In April 1986, pursuant to Robert's request for child support, the trial court ordered Cynthia to pay child support. A year later, after the child experienced problems at school and at home, he moved into Cynthia's home. While the child stayed with her, Cynthia continued to pay support to Robert until February 1988. Robert treated the change in living arrangements as extended visitation.

In February 1988 Cynthia contacted Robert to discuss a change in custody of their son. She informed Robert that she had retained an attorney and intended to litigate the issue of custody if settlement was not reached. In turn, Robert, who was then experiencing significant financial difficulties due to a work-related injury, indicated he would agree to modification of custody only if Cynthia did not seek child support. She responded in a critical letter:

> I [Cynthia] am aware that you have other children and family obligations to consider and that seeking child support from you would cause hardship for your family which I have no desire to do. * * * As I have said repeatedly to you, if you sign the stipulation for change of custody as you have indicated you are willing to do, without our having to engage in any further legal proceeding, I have no intention of seeking child support from you and am willing to reserve child support in the stipulation. As I have explained to you, this is the best reassurance I am able to give you legally.

Robert signed a waiver of right to counsel and the proposed stipulation. The amended judgment and decree changed custody and reserved child support.

Nine months later, Cynthia moved to establish child support. The referee ordered Robert to pay below guideline child support of $168 per month. On review of the referee's recommended order, the trial court struck the award of child support. The court found Cynthia fraudulently represented facts to Robert which induced him to agree to the custody stipulation. Further, the court denied Cynthia's request for child support absent showing a substantial change in circumstances. It awarded Robert $3000 in attorney fees. This appeal followed.

## ISSUES

1. Did the trial court err in denying Cynthia an award of child support absent a

change in circumstances pursuant to Minn. Stat. § 518.64, subd. 2 (1988)?

2. Did the trial court err in awarding attorney fees?

## ANALYSIS

The trial court is accorded broad discretion in determining child support; there must be a clearly erroneous conclusion that is against logic and the facts on record before this court will find that the trial court abused its discretion. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984).

▪ The trial court denied Cynthia's request for an award of child support. The court found:

> That in asserting to [Robert] that the inclusion of a reservation of child support was "the best reassurance I'm able to give you legally," [Cynthia] fraudulently represented the facts to [Robert] and this fraudulent representation induced [Robert] to enter into the stipulation to amend custody. [Cynthia] is thus estopped from obtaining child support without showing a substantial change of circumstances from that which obtained in February of 1988.

Generally, there is no need to show a substantial change in circumstances to grant child support reserved in a decree. *Mulroy v. Mulroy,* 354 N.W.2d 66, 69 (Minn.Ct. App.1984). However, we believe the unusual facts in this case justify a decision to affirm the trial court.

To reach this conclusion, we need not go beyond the holding and reasoning of this court's opinion in *O'Connor v. O'Connor,* 386 N.W.2d 395 (Minn.Ct.App.1986). In *O'Connor* the trial court originally granted the husband sole custody of two minor children and, like this case, reserved child support pursuant to the parties' stipulation. One year later the husband moved for an award of child support, but the trial court denied the motion. *Id.* at 397.

In affirming the trial court, this court advanced two propositions that we believe control the present case. First, this court emphasized the fact the father moved for child support little more than a year after the stipulation. Implicit in the court's holding is the proposition that the trial court was within its discretion to deny child support when insufficient time elapsed between the stipulation and a motion for child support. In the present case Cynthia's motion came only nine months after the stipulation.

Second, according to the court, a stipulation is an important consideration in determining child support because it often results "from barter concerning child support, spousal maintenance, and property settlement." *Id.* at 398 (quoting *Fifield v. Fifield,* 360 N.W.2d 673, 675 (Minn.Ct.App. 1985)). Here the parties' February 1988 stipulation clearly resulted from barter over Robert's support obligations and custody of the child. The correspondence between the parties plainly shows Robert only agreed to a change in custody upon Cynthia's promise not to seek child support.

▪ Cynthia argues the trial court erred in considering the parties' February correspondence and negotiations in denying child support. This argument is based on two propositions: a child's right to support may not be bargained away by his parents, *Tammen v. Tammen,* 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970), and a waiver of child support is contrary to public policy. *Aumock v. Aumock,* 410 N.W.2d 420, 421 (Minn.Ct.App.1987).

▪ Initially, we note that Cynthia's agreement to forego child support is clearly not binding upon the trial court. *Tammen,* 289 Minn. at 30, 182 N.W.2d at 842. Nonetheless, the trial court may properly consider her agreement in establishing child support since it represents the parties' acquiescence in a settlement. *Ramsay v. Ramsay,* 305 Minn. 321, 323–24, 233 N.W.2d 729, 731 (1975).

▪ Furthermore, under these facts Cynthia's argument that her son's right to support has been bargained away is without merit. This is not a case where the son's right to child support is lost by virtue of the stipulation. Instead, Cynthia is entitled to support if she demonstrates a

change in circumstances from the February 1988 amended decree. This result is consistent with keeping the child's welfare the paramount concern, *Tammen*, 289 Minn. at 30, 182 N.W.2d at 242, while taking into account the unusual circumstances under which the stipulation arose.

Under these circumstances, the court did not abuse its discretion by denying Cynthia's motion for child support.

An alternate and equally compelling means of affirming the trial court exists. After reviewing the record we conclude justice and equity dictate denying Cynthia child support absent a showing of changed circumstances.

Trial courts are guided by equitable principles in determining the rights and liabilities of the parties in a marriage dissolution. *Christenson v. Christenson*, 281 Minn. 507, 522, 162 N.W.2d 194, 203 (1968). The trial court has the power to grant equitable relief "as the facts in each particular case and the ends of justice may require." *DeLa Rosa v. DeLa Rosa*, 309 N.W.2d 755, 758 (Minn.1981) (quoting *Johnston v. Johnston*, 280 Minn. 81, 86, 158 N.W.2d 249, 254 (1968)).

■ While some Minnesota cases preclude the use of equitable defenses in actions for the collection of child support arrearages, none of them involves an original claim for child support. *See Miller v. Miller*, 370 N.W.2d 481, 483 (Minn.Ct.App. 1985); *Jacobson v. Jacobson*, 363 N.W.2d 342, 346 (Minn.Ct.App.1985); *Benedict v. Benedict*, 361 N.W.2d 429, 432 (Minn.Ct.App.1985). Therefore, we concur with the trial court that the equitable doctrine of estoppel is available to Robert.

Further, we believe the trial court correctly employed estoppel in this instance. Equitable estoppel is a fact question and is governed by the unique facts of each case. *Sohns v. Pederson*, 354 N.W.2d 852, 855 (Minn.Ct.App.1984). To establish his claim of estoppel, Robert must prove Cynthia made representations or inducements upon which he reasonably relied, and that he will be harmed if the claim of estoppel is not invoked. *Northern Petrochemical Co. v.*

*United States Fire Insurance Co.*, 277 N.W.2d 408, 410 (Minn.1979).

The elements of estoppel are satisfied. Cynthia's correspondence with Robert in February 1988, which asserted an intention not to seek child support, induced him to change custody of their son. When Cynthia threatened to litigate the custody issue, Robert was temporarily disabled, and was suffering financial difficulties. He was unrepresented by counsel during the negotiations of the February stipulation. Under these circumstances Cynthia's representation that reserving child support was the best reassurance possible was especially powerful.

Moreover, Robert reasonably relied upon Cynthia's representation. Robert, without the benefit of an attorney, negotiated with Cynthia, an attorney, as well as her own counsel. In this situation, where unequal bargaining positions existed, Robert's reliance upon Cynthia's statement was reasonable. Finally, Robert will be harmed if estoppel were not invoked. He lost custody of his son in an uncontested proceeding, which he permitted only upon Cynthia's promise not to request child support. An award of child support at this time will adversely affect his ability to provide for his present wife and four children.

In addition, Cynthia's argument that the use of equitable relief constitutes a collateral attack on the second judgment and decree was not raised at the trial court and is therefore not properly before this court.

## II.

■ The award of attorney fees in dissolution cases rests almost entirely in the discretion of the trial court and will not be reversed absent clear abuse of discretion. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn. Ct.App.1984).

In a dissolution proceeding the court may require one party to pay a reasonable amount of attorney fees to contest the proceeding. Minn.Stat. § 518.14 (1988). The trial court ordered Cynthia to pay $3000 in attorney fees to Robert. We agree.

Cynthia's claim that the trial court erred in awarding attorney fees because Robert never submitted a written motion for fees is without merit. Robert's oral motion satisfied the necessary requirements laid out in *Stern v. Dill*, 442 N.W.2d 322, 325 (Minn.1989). Furthermore, the trial court had adequate information about the parties to correctly assess their financial resources to determine attorney fees. There was no abuse of discretion in awarding attorney fees.

Attorney fees on appeal are denied.

## DECISION

The trial court's order denying child support absent a finding of a substantial change in circumstances and awarding attorney fees is not clearly erroneous.

Affirmed.

FORSBERG, Judge (dissenting):

I respectfully dissent and would reverse the trial court.

In denying child support, it is clear the trial court primarily considered the parties' stipulation and appellant's attempt to waive child support, rather than the child's best interests. Trial courts must primarily consider the best interests of the child and are not bound by any agreement between the parents waiving child support. *Aumock v. Aumock*, 410 N.W.2d 420, 421 (Minn.Ct. App.1987) (quoting *Tammen v. Tammen*, 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970)).

The trial court also incorrectly required a showing of change of circumstances before establishing child support. Because child support was reserved in the decree, the statutory provision requiring a change of circumstances before modifying a child support award does not apply. *Mulroy v. Mulroy*, 354 N.W.2d 66, 69 (Minn.Ct.App. 1984). The majority's reliance on *O'Connor v. O'Connor*, 386 N.W.2d 395 (Minn. Ct.App.1986) is misplaced in this context. In *O'Connor*, the parties' stipulation covered *all* issues in the dissolution and the trial court was referring to circumstances justifying the agreement of the parties rather than the standard for modification of a support order. *Id.* at 398. Here, the parties' stipulation covered only child support and custody, and the trial court referred only to the standard for modification of a support order.

The trial court should have considered the statutory factors in establishing respondent's child support obligation. Minn. Stat. § 518.551, subd. 5 (1988). I would therefore reverse and remand for consideration of those factors.