In re the Marriage of Fiona Maria EUSTATHIADES, petitioner, Respondent,

v.

Ben Trevor BOWMAN, Appellant.

No. A04–1526.

Court of Appeals of Minnesota.

May 3, 2005.

David Gronbeck, Law Offices of David Gronbeck, Minneapolis, MN, for respondent.

Stephen R. Arnott, Arnott Law Firm, P.A., St. Paul, MN, for appellant.

Susan E. Gaertner, Ramsey County Attorney, Patrick M. West–Hest, Assistant County Attorney, St. Paul, MN, for amicus curiae Ramsey County Child Support and Collections.

Considered and decided by PETERSON, Presiding Judge; KLAPHAKE, Judge; and SHUMAKER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant-father challenges the district court's order denying his motion for the establishment of respondent-mother's child-support obligation. Appellant claims that the district court erred by requiring a substantial change in circumstances under the modification standard, rather than treating appellant's request as an initial establishment of child support. We reverse and remand.

## FACTS

Appellant Ben Bowman and respondent Fiona Eustathiades were married in July 1991. In July 1998, the district court dissolved the parties' marriage, awarded the parties joint legal custody of their three minor children, and awarded respondent sole physical custody. By amended judg-

ment and decree in February 1999, the district court awarded respondent sole legal custody of the children. On July 1, 2002, the district court entered an order, based upon a stipulation by the parties, in which it awarded the parties temporary joint legal custody of the children, awarded appellant temporary sole physical custody, and stated that "the issue of temporary child support shall be reserved." On September 2, 2003, the district court entered an order, based upon another stipulation by the parties, in which it stated:

1. Except as specifically modified hereinafter, all terms and conditions of this court's order filed July 1, 2002 remain in full force and effect.

2. Paragraph 1 of the July 1, 2002 order is hereby amended to read as follows:

1. The parties shall have joint legal custody of the minor children and the father shall have sole physical custody of the children.

After appellant applied for child-support enforcement services, appellant and Ramsey County filed motions for the establishment of respondent's child-support obligation. Respondent, however, filed a motion requesting a determination that no award of child support may be made absent a substantial change in circumstances. Following a hearing on the issue of child support, the district court stated:

Absent unusual circumstances, a reservation of child support creates a situation in which a subsequent child support motion is to be treated as a de novo setting or an establishment of child support, not a modification. But as the Minnesota Court of Appeals pointed out in *McNattin* [*v. McNattin,* 450 N.W.2d 169 (Minn.App.1990) ], where the reservation of child support is an integral part of the agreement to modify custody,

then a modification standard may apply for a subsequent award of child support.

The district court found that implicit in the parties' agreement to modify custody, was a mutual assumption that child support was unnecessary. Therefore, the district court concluded that appellant "must show a change in circumstances under [Minn.Stat.] § 518.64, subd. 2 to obtain a child support order," and found that there was insufficient information in the record to show a substantial change in circumstances to justify a change in the reservation of child support. This appeal followed.

## ISSUE

Did the district court err in applying a modification standard to appellant's motion for child support rather than treating it as a request for an initial establishment of support?

## ANALYSIS

A district court has broad discretion to provide for the support of the parties' children. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). A district court abuses its discretion when it sets support in a manner that is against logic and the facts on record or misapplies the law. *Id.* (setting support in a manner that is against logic and facts on the record); *Ver Kuilen v. Ver Kuilen,* 578 N.W.2d 790, 792 (Minn.App.1998) (improper application of the law). A reviewing court, however, is not bound by and need not give deference to a district court's decision on a purely legal issue. *Modrow v. JP Foodservice, Inc.,* 656 N.W.2d 389, 393 (Minn.2003).

Whether to modify support is discretionary with the district court and its decision will be altered on appeal only if it resolved the matter in a manner that is against logic and the facts on record. *Putz v. Putz,* 645 N.W.2d 343, 347 (Minn.2002).

But when child support is reserved in a judgment and decree, a subsequent request for child support is generally treated as an initial establishment of child support rather than a modification of child support. *See Aumock v. Aumock,* 410 N.W.2d 420, 422 (Minn.App.1987) (stating that when the district court "makes an award of child support following a reservation of the matter, it must base its determination on facts and circumstances existing at the time of the application for support, as if the entire action had been brought at the later date").

Appellant contends that the district court's reliance on *McNattin* was misplaced. The *McNattin* court stated that "[g]enerally, there is no need to show a substantial change in circumstances to grant child support reserved in a decree." *McNattin v. McNattin,* 450 N.W.2d 169, 171 (Minn.App.1990). But the "unusual facts" in *McNattin* justified the trial court's application of the modification standard. *Id.* The record in *McNattin* plainly showed that the father "only agreed to a change in custody upon [the mother's] promise not to seek child support." *Id.* The record in *McNattin* contained a letter that the mother wrote to the father stating:

As I have said repeatedly to you, if you sign the stipulation for change of custody ... without our having to engage in any further legal proceeding, I have no intention of seeking child support from you and am willing to reserve child support in the stipulation. As I have explained to you, this is the best reassurance I am able to give you legally.

*Id.* at 170.

Here, unlike *McNattin,* the record contains no explicit agreement between the parties linking a change in custody to a promise not to seek child support. Appellant argues that when the parties stipulated to a temporary reservation of child support, they did not intend that there be a permanent reservation of child support. In his motion for the establishment of child support, appellant stated by affidavit:

I felt it was best to separate the issues of child custody from child support in order to minimize the conflict during what I expected to be a difficult period of custody evaluations and possible subsequent transition of custody from [respondent] to myself. Therefore, I stipulated to a reservation of child support. I intended to pursue child support, if appropriate, after the custody issues were settled.

Based on appellant's affidavit, the district court found that appellant "did not put the issue of child support on the table in 2003 to avoid conflict." The district court also found that "[i]mplicit in the agreement to modify custody, and leave the reservation of child support 'in full force and effect,' was an assumption that under the circumstances an award of child support was unnecessary." The district court concluded that "[i]t follows that the continued reservation of child support served to facilitate the agreement of the parties to modify the children's custody."

The district court conceded that, unlike *McNattin,* there was no claim that appellant promised not to seek child support. Nevertheless, the court stated that "[c]ertainly, the issue of child support, and its reservation, was discussed when the parties agreed to modify the physical custody of the children." Be that as it may, the record does not support a finding that the change in custody was expressly conditioned on a promise by appellant not to seek child support. Thus, the district court's reliance on *McNattin* was misplaced.

 When child support has been reserved, that is not deemed a setting of support for purposes of the modification statute. *See Aumock,* 410 N.W.2d at 422; *see also Mulroy v. Mulroy,* 354 N.W.2d 66, 69 (Minn.App.1984) (stating that "there is a distinction between a provision that no support is to be awarded at the time of the decree, and a reservation of the issue of support at the time of that decree"). Child support is initially set on the basis of particular economic circumstances. *See* Minn.Stat. § 518.551, subd. 5(b) (2004). A reservation might be prompted by economic circumstances, but those circumstances do not become factors in the way they would if an amount was to be set, even if the amount was set at zero. Thus, as a general rule, (a) if there has been an affirmative setting of a support amount, including the affirmative setting of support at an amount of zero, any subsequent change of the support obligation is a modification; and (b) if there has been only a reservation of support, a later setting of a support obligation is an initial setting of support. Because this case involved a reservation of support, and because this record lacks the "unusual circumstances" that, under *McNattin,* allow an exception to the general rule, the district court should not have treated appellant's motion for child support as a motion to modify.

### DECISION

 This record does not show the "unusual circumstances" necessary to create an exception to the general rule that a change in circumstances does not have to be shown to set a support obligation where there has been a reservation of child support. Because this case is distinguishable from *McNattin,* the district court erred when it applied a modification standard rather than considering appellant's motion

for child support as a request for an initial establishment of support.

**Reversed and remanded.**