**In re the Marriage of: Laura A. BENSON, Petitioner, Respondent,**

**v.**

**Philip C. BENSON, Appellant.**

**No. C8–83–1377.**

Court of Appeals of Minnesota.

March 28, 1984.

S. Forrest Hutchinson, Hutchinson & Marguard, Duluth, for appellant.

Carol M. Person, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and WOZNIAK and LANSING, JJ.

## OPINION

POPOVICH, Chief Judge.

Philip Benson appeals from an order granting Laura Benson the right to move with the parties' two children to Texas and denying Philip's motion for modification of custody. Philip claims the trial court abused its discretion by refusing to hold an evidentiary hearing. Philip also claims the trial court abused its discretion by requiring him to pay the costs of visitation to Texas and by requiring Philip to pay child support. We reverse and remand.

## FACTS

Laura and Philip were married on March 14, 1975. The Bensons had two children: Lloyd (d.o.b. 12/26/75) and Alison (d.o.b. 3/18/79). At the time of their marriage, Philip was in the army. After completing his service, the Bensons returned to Grand Rapids, Philip's home town. At that time, Lloyd was two years old. Alison Benson was born in Grand Rapids. Philip's extended family lives in Grand Rapids. Laura's extended family lives in Duluth.

The Bensons' marriage deteriorated and was dissolved on June 1, 1982. Laura was granted sole legal custody of the two children. Philip was given the right of liberal visitation and the right to share in religious, educational, and medical decisions regarding the children but was not given joint custody. Philip was ordered to pay child support of $100 per month per child until June 1, 1983 and $150 per month per child thereafter.

Following the Bensons' separation, Laura and the children moved into her parents' home in Duluth. During the year following the dissolution, Laura completed a course in cosmetology. Lloyd attended elementary school and Alison attended a head-start program during this period. Laura's mother cared for the children when Laura was away.

In July 1982, Laura became engaged to Val Gow. This engagement was terminated January 21, 1983. Five days later Laura renewed her friendship with Wyatt Tisdale, an ordained Baptist minister, who counseled Philip Benson during the Bensons' marriage. In March 1983, Laura visited Tisdale in Crosby, Texas for two weeks; they were married in July 1983.

Tisdale resigned his post as pastor of a Texas church in 1982 because he was experiencing marital difficulties. Tisdale's first marriage was dissolved on April 29, 1983. At the time Laura married Tisdale, the Benson children had not been to Texas and had not met Tisdale's three children with whom they would be living. Crosby, Texas is approximately 1300 miles from Grand Rapids.

On April 12, 1983, Laura filed a motion requesting permission to take Lloyd and Alison to Texas to live. Philip objected and sought an award of custody. The trial court received depositions, affidavits, records, and social service reports before making its decision. Philip alleged the children's interests would be harmed by the move because Laura's decision to marry Tisdale was hastily made. Philip claimed that Alison was not toilet trained and was not receiving necessary medical attention for bladder infections and a leg problem. Laura denied these allegations.

On August 12, 1983, the trial court issued an order granting Laura's request to take the children to Texas. The trial court held that Philip was not entitled to an evidentiary hearing under *Auge v. Auge,* 334 N.W.2d 393, 398 (1983) because Philip failed to present a prima facie case against removal.

The trial court also ordered Philip to pay the expenses of visitation, to pay child support regardless of the exercise of visitation in a particular month, and reduced the amount of child support from $150 per child per month to $90 per child per month.

## ISSUES

1. Was the trial court's finding that Philip did not present a prima facie case against Laura's proposed removal of their children from the state clearly erroneous?

2. Did the trial court abuse its discretion in modifying the terms and amount of child support payments?

## ANALYSIS

1. Minnesota law presumes that a request by the custodial parent to remove the child to another state is in the best interests of the child. *See Gordon v. Gordon,* 339 N.W.2d 269, 270–71 (Minn.1983); *Auge v. Auge,* 334 N.W.2d 393, 398–99 (Minn.1983); *see also D'Onofrio v. D'Onofrio,* 144 N.J.Super. 200, 365 A.2d 27 (1976). Motions by the custodial parent requesting removal will be granted unless the party opposing the motion establishes by a preponderance of the evidence that the move is not in the best interests of the child. *Auge,* 334 N.W.2d at 399; Minn.Stat. § 518.18(d) (1982). This policy is designed to foster continuity and stability in post-divorce family relationships. *Auge,* 334 N.W.2d at 399.

The party opposing removal need only present a prima facie case against removal, however, in order to obtain an evidentiary hearing. *Id.; Nice-Peterson v. Nice-Peterson,* 310 N.W.2d 471, 472 (Minn. 1981). A prima facie case is "[a] case which has proceeded upon sufficient proof to that stage where it will support [a] finding if evidence to the contrary is disregarded." *Black's Law Dictionary* (5th ed. 1979).

The trial court's finding that Philip failed to present a prima facie case showing the move was not in the best interests of the children was erroneous. *See generally Griffin v. Griffin,* 267 N.W.2d 733, 735 (Minn.1978). Philip presented the following facts which establish a prima facie case requiring an evidentiary hearing:

(1) The stability and security of Laura Benson's new marriage was questionable.

(2) Seven people would be living in a trailer home in Texas.

(3) Alison Benson was not receiving necessary medical care and was not toilet trained at the age of four.

(4) No evaluation by a social service agency was made of the children's prospective home in Texas although one had been made of Philip's.

(5) Visitation with their father would be affected.

(6) The children's relationship with both parents' extended families in Minnesota would be disrupted.

Under *Auge*, Philip is entitled to an evidentiary hearing to have the opportunity to prove his allegations by a preponderance of the evidence.

2. We need not address the issue of whether the trial court abused its discretion in modifying the terms and amount of child support payments because we reverse the trial court's order for failure to hold an evidentiary hearing. At the time of oral arguments, Philip Benson had not, however, seen his children since their move to Texas.

### DECISION

The trial court is directed to hold an evidentiary hearing to determine whether the health, safety, or welfare of the children is endangered by the move to Texas.

Reversed and remanded.