Jean Belli MADGETT, Respondent,

v.

John Patrick MADGETT, Appellant.

No. C3–84–1006.

Court of Appeals of Minnesota.

Jan. 8, 1985.

Dunlap, Keith, Finseth, Berndt & Sandberg, Rochester, for respondent.

John S. Gowan, Rochester, for appellant.

Heard, considered, and decided by RANDALL, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

HUSPENI, Judge.

This is an appeal from the denial of appellant husband's motion for an evidentiary hearing, custody investigation, appointment of a guardian ad litem, or court interview of the minor children to determine whether the best interests of the parties' minor children, already in the custody of the respondent wife, would be served by removing the children to North Carolina. We affirm.

### FACTS

The marriage of John and Jean Madgett was dissolved on December 14, 1979. The parties have three children: Kimberly, born January 24, 1967; Jay, born April 14, 1969; and Robyn, born March 19, 1972.

Custody of the children changed by agreement of the parties several times after the decree. By the end of 1981, the judgment and decree was amended to grant custody of the oldest child, Kimberly, to the husband, and custody of the two younger children, Jay and Robyn, to the wife. Husband's second marriage was subsequently dissolved, and he now lives with Kimberly in Edina.

In August of 1983, wife married John Stroebel, moving Jay and Robyn to Rochester. Stroebel is a senior engineer at IBM and was transferred by that company to Raleigh, North Carolina, effective June 6, 1984.

Husband opposed the move, and requested an evidentiary hearing, a custody investigation, and appointment of a guardian ad litem. He presented his own affidavit citing communications of Jay and Robyn to him, and stating his belief that Robyn and Jay preferred to stay in Minnesota with him. Husband claimed that Robyn's and Jay's physical and emotional health would be adversely affected by the move. There were no specific allegations or any examples of instances of emotional or physical problems with either child.

The trial court granted the motion to move the children and expanded husband's visitation rights to include the entire summer.

### ISSUE

Whether the trial court erred in granting respondent's motion to remove the children

of the parties to North Carolina from Minnesota without an evidentiary hearing, without appointment of a guardian ad litem, and without interviewing the minor children?

## ANALYSIS

■ There is a presumption that a request by the custodial parent to remove the child to another state is in the best interests of the child. *Gordon v. Gordon,* 339 N.W.2d 269, 271 (Minn.1983). The burden of proof is on the party opposing the motion to establish by a preponderance of the evidence that the move is not in the best interests of the child. Minn.Stat. § 518.-18(d) (1982); *Auge v. Auge,* 334 N.W.2d 393, 399 (Minn.1983). This policy is designed to encourage continuity and stability in post-dissolution family relationships. *Auge,* 334 N.W.2d at 399; *Benson v. Benson,* 346 N.W.2d 196, 198 (Minn.Ct.App. 1984).

> The party opposing removal need only present a prima facie case against removal, however, in order to obtain an evidentiary hearing. A prima facie case is "[a] case which has proceeded upon sufficient proof to that stage where it will support [a] finding if evidence to the contrary is disregarded."

*Benson,* 346 N.W.2d at 198 (citations omitted). Permission to remove may be granted without an evidentiary hearing if the opposing parent fails to make a prima facie case. *Auge,* 334 N.W.2d at 396.

■ Husband contends the court should have interviewed the children to determine their preferences, and to establish his prima facie case. The reasonable preference of a minor child regarding custody is one factor to consider in custody disputes. Minn.Stat. § 518.17, subd. 1(b) (1982). The court may interview the child to ascertain the child's reasonable preference. Minn.Stat. § 518.166 (1982). However, the decision to interview a child is a discretionary choice for the trial judge. An interview is not the only way to determine a child's preference. Husband's affidavit recites at length the concerns expressed to

him by Jay and Robyn. We have no reason to believe the court did not consider those concerns in reaching its decision. On the record before us, we cannot conclude that the trial court's refusal to place these children in a position of choosing between two loving parents, to possibly establish their father's prima facie case, was an abuse of discretion.

■ Husband's argument rests on what he perceives to be the children's desire to live with him rather than move to North Carolina. Husband claims that Jay feels rejected and Robyn is depressed about their situation. However, his allegations are too vague and conclusory. No evidence is presented which would substantiate his opinions. There is no indication of poor performance in school, increased illness, reports from psychologists, teachers, or friends. While such additional documentary evidence may not always be required, it is necessary to support such broad generalizations as here presented. We expect most teenagers would feel some reluctance at moving to a new state. We also expect some of the discomfort allegedly expressed by Jay and Robyn may reflect the several shifts in custody which have occurred since their parents' marriage ended.

■ Finally, husband argues that the trial court erred in failing to appoint a guardian ad litem to represent the children's interests. Unquestionably, the prudent exercise of discretion in appointment of a guardian ad litem often serves the best interests of minor children and those of the parents as well by greatly reducing the emotional anguish and economic strain all too often present in acrimonious and lengthy custody disputes. Further, this court has recognized that it is the better policy to appoint a guardian ad litem when the interests of the children may be different from those of the parents. *M.M. and C.M. v. R.R.M.,* 358 N.W.2d 86 (Minn.Ct. App.1984). However, under the particular circumstances of this case, we do not find an abuse of discretion in failing to so appoint.

## DECISION

The trial court did not err in determining that husband failed to present a prima facie case in opposition to removal of the residence of the minor children from Minnesota; nor did the trial court abused its discretion in refusing to hold an evidentiary hearing, interview the minor children, or appoint a guardian ad litem regarding that removal.

Affirmed.