**In re the Marriage of John William KNOTT, petitioner, Appellant,**

v.

**Judith Lee KNOTT, Respondent.**

No. C3–87–1733.

Court of Appeals of Minnesota.

Jan. 19, 1988.

Becky Skinner Toevs, Larson & Lambert, Wayzata, for appellant.

Patricia O'Gorman, Clinton, O'Gorman & Hutchinson, P.A., Cottage Grove, for respondent.

Considered and decided by NORTON, P.J., and IVERSON and LOMMEN, JJ.,* without oral argument.

## OPINION

NORTON, Judge.

John Knott appeals from an order granting Judith Knott's motion to remove the two children in her custody from Minnesota to Los Gatos, California. Both parties submitted affidavits with motions on the proposed move. A hearing on the motions was held on June 25, 1987. At the hearing, the court heard the parties' testimony on the issue of the relationship between the two children in respondent's sole legal and physical custody and the two in appellant's sole legal and physical custody. On July 1, 1987, the court filed its order authorizing the removal without an evidentiary hearing. The court ruled that appellant failed to establish a prima facie case entitling him to an evidentiary hearing. The court also awarded respondent $250 in attorney fees because appellant's failure to produce tax returns at the hearing pursuant to a request for production of documents necessitated a second hearing.

The court set a later hearing date for July 13, 1987, for a determination of visitation and child support, which the court would not consider without the tax returns. Three of the children were present in the courtroom at the time of the second hearing, but the court ordered the children excluded. Apparently appellant hoped the court would allow them to express their preferences on the proposed move. The court considered only arguments of counsel

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

and their written requests, after which it filed an order amending the judgment and decree on the child support and visitation issues.

Appellant moved to vacate the July 1 order, for an evidentiary hearing, an order restraining respondent from removing the children pending an evidentiary hearing, and a stay of the July 1 order pending appeal. The trial court denied these requests.

Appellant sought an emergency writ of prohibition to prevent respondent from removing the children. The court of appeals denied the writ by order dated August 14, 1987. Appellant proceeded to perfect this appeal and filed a motion requesting expedited consideration. The motion to expedite was granted by order dated September 10, 1987. We affirm, but reverse the award of attorney fees.

## FACTS

The parties' marriage was dissolved on August 7, 1985. Custody was ordered split, with appellant given sole legal and physical custody of the eldest two children, Michael and Joshua, ages 17 and 15, and respondent given sole legal and physical custody of the younger children, Sarah and Eric, ages 14 and 11. Visitation was designed to maximize time for the four children to spend together.

Respondent initiated a request to move the two children in her custody by service of a motion with an accompanying affidavit and a request for production of documents. Her affidavit stated that she is engaged to be married, and that her prospective spouse lives in California. The request for production of documents sought appellant's 1985 and 1986 tax returns.

The documents were served on appellant's attorney of record, Paris Don Ray Getty. The day before the hearing, Getty's office informed appellant's new counsel, James Schneider, that the documents were lost. Neither Schneider nor appellant had the opportunity to read respondent's motion papers prior to the hearing on June 25, 1987.

Appellant argued in opposition to the motion. He offered his own affidavit and affidavits of two of his son Eric's treating doctors, both of whom are also business associates of appellant.

Appellant opposes the move, arguing in his affidavit that it is not in the best interests of the children because (1) Eric has asthma which could be exacerbated by the move; (2) the children prefer to stay in Forest Lake; and (3) the children are adjusted to their home, school, community and extended family in Forest Lake, and removal would jeopardize those relationships. The doctors' affidavits indicate that the move could cause Eric's health to deteriorate and that provisions should be made for his care before he moves.

The trial court granted respondent permission to remove the children, ruling that appellant failed to establish a prima facie case that removal is not in their best interest, notwithstanding that Eric may suffer a temporary exacerbation of his symptoms as a result of the move. The court reasoned that respondent is capable of arranging for proper medical care for the child in California. Further, the court stated that:

[t]he reasonable preferences of the children * * * are not controlling on the Court. * * * [T]he fact that the only evidence presented on the children's preference is contained in petitioner's "hearsay" statement about their preference. It would be surprising to the Court if the children did not resist the move since they will be uprooted from their friends, community, and part of their family— their two older brothers.

\* \* \* \* \* \*

[T]he Court finds that the two sets of children interact with each other on a superficial, formal basis as required by contacts initiated and promoted by the respective custodial parents. The bonds between the two sets are not powerful, and aside from being siblings, they have few things in common. Movement of two children to California will not greatly affect the best interests of the four of them provided there is adequate opportu-

nity for visitation and contact among them.

The court granted respondent attorney fees, apparently on the basis that if appellant had complied with respondent's demand to produce his tax returns, a further hearing could have been avoided.

## ISSUES

I. Did the trial court err by refusing to hold that a custodial parent seeking to remove children from Minnesota for the purpose of changing their residence bears the burden of proving the move is in the best interests of the children in split custody cases?

II. Did the trial court err in ruling appellant failed to meet his burden of establishing a prima facie case that the move is not in the best interests of the children?

III. Did the trial court err by refusing to interview the children to ascertain their preferences with regard to the proposed move?

IV. Did appellant have insufficient notice on the issues of child support and visitation so the trial court's amendment of the judgment and decree was error?

V. Did the trial court err by assessing attorney fees against appellant for his failure to produce 1985 and 1986 tax returns at the June 25, 1987 hearing?

## ANALYSIS

### I.

Under Minnesota law it is presumed that a custodial parent's proposed removal of a child to another jurisdiction is in the best interest of the child sought to be removed. *Auge v. Auge*, 334 N.W.2d 393, 397 (Minn. 1983). *See Gordon v. Gordon*, 339 N.W.2d 269, 271 (Minn.1983). The presumption "obviate[s] *de novo* consideration of who is best suited to have custody" and serves to "maintain the child in the family unit to which he or she currently belongs, and minimize judicial interference with decisions which affect that family unit." *Auge*, 334 N.W.2d at 399. Permission to remove may be granted without an eviden-

tiary hearing unless the party opposing the motion for removal makes a prima facie case against removal. *Id.* (citing *Nice–Petersen v. Nice–Petersen*, 310 N.W.2d 471 (Minn.1981)).

Appellant argues for an extension of the law: that where custody of the children is split between the parties, the custodial parent seeking to remove a child should have the burden of proof that the move is in the best interest of all the children. *Auge's* presumption should not apply where custody is split, appellant argues, because there may not be a primary home environment and a major source of stability for the children may be the children's relationships with each other. Appellant urges this court to treat a removal action where custody is split like joint physical custody cases. *See, e.g., Sydnes v. Sydnes*, 388 N.W.2d 3, 6 (Minn.Ct.App.1986); *Hegerle v. Hegerle*, 355 N.W.2d 726, 731 (Minn.Ct. App.1984).

In joint physical custody cases where one parent seeks removal, the party is seeking to modify the existing custody arrangements established in the judgment and decree. Once a party seeks to modify custody, statutory requirements are triggered that the person seeking to modify must meet. *See* Minn.Stat. §§ 518.17, 518.-18(d) (1986).

A person seeking to modify a custody arrangement does and should bear the burden of proving the best interests of the child require it because the custody issue has already been decided once by a trial court. The point of the *Auge* presumption is that a person opposing removal in a sole physical custody case is the one seeking to modify the original custody arrangement and should thus bear the burden of proof. *See Auge*, 334 N.W.2d at 399–400. Whether split custody was proper is not on appeal. It had previously been determined in a trial court that each party should have sole physical and legal custody of two children. There are now two family units, each with one parent and two children. Those are the post-dissolution legal relationships established by the decree. Accordingly, respondent's petition to remove

the two children will not modify the original custody arrangements. Visitation had to be "reworked," but the legal determinations of custody remain unchanged by the trial court's grant of the petition. *See Hegerle*, 355 N.W.2d at 732. *Auge's* presumption thus applies.

## II.

 The required statutory factors were considered by the trial court in deciding whether appellant established a prima facie case. *See Nice–Petersen*, 310 N.W.2d 471; Minn.Stat. § 518.17, subd. 1 (1986). In reviewing the evidence this court will not overturn the trial court's finding that appellant failed to establish a prima facie case unless the finding is "clearly erroneous." *See Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn.1985); Minn.R.Civ.P. 52.01. In this case, we hold the finding is not clearly erroneous.

## III.

Appellant claims the trial court abused its discretion by refusing to interview the children. Whether to interview children to ascertain their preferences as to custody is within the trial court's discretion. *See* Minn.Stat. § 518.166 (1986). *See also Madgett v. Madgett*, 360 N.W.2d 411, 413 (Minn.Ct.App.1985) (preference of child is a factor to be considered, but is not necessarily determinative of final placement). Appellant has not shown this discretion was abused.

## IV.

Appellant failed to move for a continuance, which, under the circumstances, may have been granted. Appellant chose to oppose the motion instead and has thus waived any right to complain about lack of adequate notice to prepare. He should not now complain he was prejudiced by the lack of notice on the child support and visitation issues.

## V.

Appellant was entitled, under the Rules of Civil Procedure, to wait 30 days to produce the requested tax returns. *See*

Minn.R.Civ.P. 34.02. The hearing was held only ten days after service of the request for production of documents. He was not required to produce them at the hearing, although it obviously would have served judicial economy and perhaps saved respondent attorney fees. Without a statutory or other legal basis for the award, however, it was an abuse of the trial court's discretion to grant respondent fees.

## DECISION

The trial court did not err in ruling that in a split custody case, where each parent has sole custody, the party opposing removal has the burden of proving the move is not in the best interests of the children sought to be removed. The trial court's finding that appellant failed to establish a prima facie case against removal is not clearly erroneous. The trial court's decision not to interview the children was within its discretion. Appellant's failure to request a continuance resulted in a waiver of his right to protest lack of sufficient notice to prepare for the hearing. The trial court erred by awarding attorney fees without a statutory or other legal basis for the award.

Affirmed in part, reversed in part.