In re the Marriage of Beverly J.
GEIGER, Petitioner,
Respondent,

v.

Marc GEIGER, Appellant.

No. C8-90-2600.

Court of Appeals of Minnesota.

May 28, 1991.

Review Denied Aug. 1, 1991.

Jeanette A. Fredrickson, Chestnut & Brooks, P.A., Minneapolis, for respondent.

Daniel P. Taber, Minneapolis, for appellant.

Considered and decided by AMUNDSON, P.J., and HUSPENI and MULALLY,* JJ.

## OPINION

HUSPENI, Judge.

Appellant, father with joint legal custody and liberal visitation rights, challenges the trial court's order allowing respondent, mother with sole physical custody, to remove the children to North Dakota without an evidentiary hearing. Appellant claims he made the requisite prima facie case to warrant a hearing. We affirm.

## FACTS

The marriage of appellant Marc Geiger and respondent Beverly Geiger was dissolved on September 29, 1989. Two children were born to the parties during the marriage: Rebecca, born April 4, 1980, and Lisa, born December 8, 1981. During the first six months of 1989, the parties, then separated, alternated custody on a weekly basis.

The parties drafted a marital termination agreement which was incorporated into the dissolution decree. The judgment and decree provided for joint legal custody and sole physical custody in respondent, and included the following provision as to removal of the residence of the minor children:

> The residence of the children may not be moved from the State of Minnesota without the express written consent of [appel-

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

lant], or an order of this court. The residence of the children may not be moved outside the State of Minnesota, unless it is in the best interest of the children.

The judgment and decree also created a liberal visitation schedule during the school year which allowed appellant to see the children two full weekends per month, one weekend from Friday afternoon to Saturday evening, every Tuesday evening for three hours and every Thursday evening (one of the children) for three hours. In addition, the parties shared visitation during holidays per arrangement and shared custody during the summer, alternating weekly.

Appellant remarried in May 1990 and lives in Robbinsdale with his wife and her two children from a prior marriage. In July 1990, respondent began making wedding plans with her current husband who lives and works in Riverdale, North Dakota. They planned to marry and move in mid-August 1990. Appellant opposed the move, arguing that it would not be in the children's best interests. He began mediation proceedings in Hennepin county but ended them in mid-August without success.

Although respondent married on August 18, 1990, she remained in Minnesota until the trial court ruled on her motion for permission to leave the state with the children. Appellant contested the motion and sought an evidentiary hearing to determine the best interests of the children. Both parties submitted affidavits to the trial court. Based on this evidence, the trial court denied appellant's motion for an evidentiary hearing, finding that he had not met his burden of establishing a prima facie case that removal would be against the best interests of the children, and granted respondent permission to remove the residence of the children to North Dakota. Respondent and the children moved at the end of December 1990.

## ISSUES

1. Did the trial court err in applying the *Auge* presumption to this removal case?

2. Did the trial court err in denying appellant an evidentiary hearing?

## ANALYSIS

### I.

Matters of child custody are within the discretion of the trial court and will not be reversed on appeal absent a clear abuse of that discretion. *Reck v. Reck*, 346 N.W.2d 675, 677 (Minn.App.1984).

■ Under the presumption set forth in *Auge v. Auge*, 334 N.W.2d 393, 399 (Minn. 1983), when a custodial parent petitions the court for permission to remove the residence of a child to another state, the court presumes that removal with the parent will be in the best interests of the child and will grant permission to remove without an evidentiary hearing "[u]nless the party opposing the motion for removal makes a prima facie showing against removal." Once granted a hearing, the noncustodial parent must prove by a preponderance of the evidence that removal is not in the best interests of the child. *Id.*

Although *Auge* did not address cases involving joint custody, the Minnesota Supreme Court has extended the *Auge* presumption to cases such as this involving sole physical custody and joint legal custody. *Gordon v. Gordon*, 339 N.W.2d 269, 271 (Minn.1983).

■ Appellant argues initially that the *Auge* presumption does not apply in this matter because he is de facto a joint physical custodian of the parties' children due to his liberal visitation schedule. We do not agree. Under the judgment and decree which incorporated the parties' stipulation on the custody issue, respondent is the sole physical custodian of the children; both parties share joint legal custody. While we acknowledge the frequency of appellant's visitation with the children, those hours will not change the legal status of this custodial relationship. For "[t]he written order or decree of a court can have no other meaning than that which the actual words used therein convey. Verity of judicial orders and decrees is an essential element of all adjudication." *Kienlen v. Ki-*

*enlen,* 227 Minn. 137, 142, 34 N.W.2d 351, 354 (1948).

■ Appellant next argues that the parties' dissolution stipulation "drafted around" *Auge* and shifted the burden of proof to respondent to establish that removal would be in the children's best interests. We note initially that, in general, Minnesota courts regard stipulations as binding contracts and favor them in dissolutions. *Tomscak v. Tomscak,* 352 N.W.2d 464, 466 (Minn.App.1984). "[A] trial court's determination whether or not to vacate a stipulation will not be disturbed in the absence of an abuse of discretion." *Id.* Further, stipulations may waive parties' statutory rights in dissolution cases. *See Karon v. Karon,* 435 N.W.2d 501, 503 (Minn.1989) (express waiver of maintenance).

■ However, as written, the parties' stipulation merely restated first, the language of the visitation statute, Minn.Stat. § 518.175, subd. 3 (1990), and second, the current best interests standard. As such, the language in the stipulation would not be specific enough to accomplish appellant's alleged purpose of "drafting around" *Auge.* In order to be effective, the stipulated language on its face must express the parties' clear intent. *Keating v. Keating,* 444 N.W.2d 605, 607–08 (Minn.App.1989). As written, the language of the stipulation does not expressly shift the burden of proof to respondent, nor does it expressly refer to the intent of the parties that the *Auge* presumption not apply.

■ We have an additional and more serious concern regarding the parties' alleged attempt to stipulate out of the *Auge* presumption: whether such stipulation, even if clearly and specifically set forth, could be upheld. We conclude it could not. In *Karon,* the parties waived the statutory right to future spousal maintenance. *Id.,* 435

N.W.2d at 503. In contrast, appellant here seeks to modify the application of the *Auge* presumption to this case. Unlike the bargainable statutory right involved in *Karon,* the *Auge* presumption serves to protect the best interests of the children. The parties may not compromise those interests as a bargaining chip in a marriage dissolution proceeding.

Under the terms of the dissolution decree, the best interests of the minor children were served through the grant of sole physical custody to respondent. That custody determination brought this case under the protection of *Auge* in which the supreme court analyzed the value of the presumption permitting removal[1] and unequivocally stated that

[m]otions by the custodial parent to permit removal to another state shall be granted unless the party opposing the motion establishes by a preponderance of the evidence that the move is not in the best interests of the child.

*Id.,* 334 N.W.2d at 399.

This court cannot permit the parties to abrogate a clear statement of how the minor children's best interests are served. *Tammen v. Tammen,* 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970) ("Courts * * * will be controlled by the welfare of the child as the paramount consideration"). Were we to interpret the stipulation as appellant suggests, we would force the sole physical custodian, who was already deemed to serve the children's best interests through that sole physical custody, to bear an additional burden of proof that Minnesota's highest court has stated should not be borne.

The presumption that removal by the custodial parent is in the children's best interests "obviate[s] *de novo* consideration of who is best suited to have custody" when the custodial parent petitions for removal. *Auge,* 334 N.W.2d at 399 (emphasis

---

1. The *Auge* court reasoned that the presumption favoring removal was the better approach:

First, in most cases it would obviate de novo consideration of who is best suited to have custody, an issue which has already been resolved once by the courts. * * * Second, it would tend to maintain the child in the family

unit to which he or she currently belongs, and minimize judicial interference with decisions which affect that family unit. Third, it is grounded in Minnesota's statutory scheme. Finally, it places the decision with the person best able to consider the child's needs.

*Id.,* 334 N.W.2d at 399.

in original); *Knott v. Knott,* 418 N.W.2d 505, 508 (Minn.App.1988). Furthermore, if the custodial parent could not meet the burden which appellant argues should be placed upon her, the outcome would be a transfer of custody away from the parent whom the court deemed serves the children's best interests.

Finally, Minnesota courts disfavor restrictions on a custodial parent's ability to relocate. *See Bateman v. Bateman,* 382 N.W.2d 240, 251 (Minn.App.1986), *pet. for rev. denied* (Minn. Apr. 24, 1986).

> The custodial parent, who bears the essential burden and responsibility for the children, is clearly entitled to the same option to seek a better life for herself and the children, particularly where the exercise of that option appears to be truly advantageous to their interests and provided that the parental interest can continue to be accommodated, even if by a different visitation arrangement than theretofore.

*Auge,* 334 N.W.2d at 398 (quoting *D'Onofrio v. D'Onofrio,* 144 N.J.Super. 200, 208, 365 A.2d 27, 30 (1976)). So long as the court establishes a reasonable alternative visitation schedule, "[r]emoval may not be denied * * * simply because the move may require an adjustment in the existing pattern of visitation." *Id.* 334 N.W.2d at 397.

Here, in its order permitting respondent to remove the children to North Dakota, the trial court created a revised visitation schedule to accommodate appellant and the children.

3. * * * [Appellant] shall be granted visitation:

a. Two-thirds of the summer break, [respondent] having two weekends with the children during the extended period of visitation;

b. Two-thirds of the Christmas break, the Christmas Holiday alternating between the parties, commencing Christmas 1990 with [appellant];

c. The four-day Thanksgiving weekend on alternating years, commencing with [appellant] in 1991;

d. Two-thirds of Spring break; and

e. Such other times as the parties mutually agree.

4. The parties shall share equally in the travel and travel expense incurred in exercise of [appellant's] visitation with the minor children.

This arrangement constitutes a reasonable alternative to appellant's prior visitation schedule. *See Meyer v. Meyer,* 346 N.W.2d 369, 372 (Minn.App.1984) (scheduled phone calls on a regular basis and extended holiday visits constituted a reasonable alternative to the previous schedule of visitation every other weekend).

## II.

Appellant next alleges that the trial court erred in granting respondent's motion to remove without first granting appellant an evidentiary hearing. We disagree.

The appellate court "will not overturn the trial court's finding that appellant failed to establish a prima facie case unless the finding is 'clearly erroneous.'" *Knott,* 418 N.W.2d at 509; Minn.R.Civ.P. 52.01.

In order to have an evidentiary hearing on the matter, appellant had the burden of establishing a prima facie case that respondent's removal was not in the best interests of the children. *Auge,* 334 N.W.2d at 399 (citing *Nice–Petersen v. Nice–Petersen,* 310 N.W.2d 471, 472 (Minn.1981)); *see* Minn.Stat. § 518.17, subd. 1 (1990) (factors to consider in determining best interest of the children). To establish a prima facie case, appellant had to plead a "case which has proceeded upon sufficient proof to that stage where it will support [a] finding if evidence to the contrary is disregarded." *Benson v. Benson,* 346 N.W.2d 196, 198 (Minn.App.1984) (quoting *Black's Law Dictionary* (5th ed. 1979)).

Both parties submitted affidavits to the court. Appellant's affidavits opposing respondent's petition for removal gave facts about the children and their relationship with appellant; the 500–mile distance between Minneapolis and Riverdale; the difficulty of weekend visits due to the distance; the small size of Riverdale; the lack of a support group for the children in Riverdale; and the good relationship the chil-

dren have with appellant's step-family. His affidavits included no specific allegations which suggested that moving to North Dakota was not in the best interests of the children. Appellant also made conclusory statements that the move would be traumatic for the children and would endanger their emotional well-being due to the separation from their father and the adjustments they would have to make. Yet, aside from these natural adjustments and difficulties of moving to a new community and away from one parent, appellant cited no specific facts to show how the move would be against the children's best interests.

We recognize that appellant faces certain adjustments in establishing and maintaining his relationship with the children when they reside in North Dakota. However, we find no clear error in the determination of the trial court that these facts did not warrant an evidentiary hearing on the removal issue.

## DECISION

The trial court properly applied the *Auge* presumption and granted respondent permission to remove the residence of the children without an evidentiary hearing.

Affirmed.