In re the Marriage of Richard N. LOSCHEIDER, petitioner, Appellant,

v.

**Mary Jo E. LOSCHEIDER, Respondent.**

No. C1–96–1964.

Court of Appeals of Minnesota.

May 20, 1997.

Review Granted July 10, 1997.

**332**

Kevin L. Holden, Murphy & Holden, P.A., St. Cloud, for Appellant.

Thomas W. Lies, Pennington & Lies, P.A., St. Cloud, for Respondent.

Considered and decided by CRIPPEN, P.J., and LANSING and PETERSON, JJ.

## OPINION

PETERSON, Judge.

In this postdissolution support action, Richard Loscheider argues that the district court erred in determining that under the terms of the parties' dissolution decree, he was required to reimburse Mary Jo Loscheider for the money she paid to Stearns County as reimbursement for public assistance furnished to him and their minor child. We reverse.

### FACTS

Appellant Richard Loscheider and respondent Mary Jo Loscheider were divorced in July 1990. The parties had two minor children. The dissolution decree, entered pursuant to the parties' stipulation, awarded respondent physical custody of T.J. and appellant physical custody of A.J. The decree also provided:

> Because both parties have approximately equal incomes and each will have custody of one child, there will be no direct support paid from either party to the other. Each parent will be responsible for all expenses for the child in that parent's custody.

T.J. became emancipated in June 1991. In the spring of 1992, appellant sought Stearns County's help in establishing a support obligation for respondent for A.J. The action was dismissed because it was brought under an incorrect statute. In the summer of 1992, appellant quit his job and returned to college fulltime. He applied for and received public assistance for himself and A.J. from Stearns County.

In 1993, Stearns County sued respondent for reimbursement of the public assistance it had provided and would continue to provide for A.J. and appellant. In May 1993, an administrative law judge (ALJ) ordered respondent to pay the county $2,351 in reimbursement for past assistance furnished to A.J. and appellant. The ALJ established respondent's ongoing support obligation at $260, the amount recommended by the child support guidelines. The ALJ then stated that although the county was entitled to receive $260 per month in continuing reimbursement from respondent, she and the county had agreed that she would pay only $130 per month while appellant received public assistance but that her ongoing support obligation automatically would revert to $260 per month if appellant stopped receiving public assistance. Judgment was entered pursuant to the order in June 1993.

It appears that appellant received public assistance until April 1995, one month after A.J.'s eighteenth birthday, and respondent paid $130 per month to the county through April 1995. Respondent never paid any support directly to appellant. Appellant completed his college degree shortly after his public assistance benefits ended.

In August 1995, respondent filed a motion seeking reimbursement from appellant for the money she paid to the county as reimbursement for the public assistance furnished to appellant and A.J. Respondent stated that the parties had agreed that each would support the child in his or her custody and would never seek support from the other for that child. Respondent argued that the money she had paid to the county as reimbursement for the public assistance furnished to appellant and A.J. violated their agreement. Respondent claimed that appellant voluntarily

quit his job and applied for public assistance and argued that his actions were a back-door way of forcing her to pay support in violation of their agreement. Respondent also claimed that appellant's breach greatly benefited him by allowing him to obtain a college degree. Respondent contended that under the plain language of the decree, appellant was required to reimburse her.

After an evidentiary hearing, the district court determined that the parties had agreed to provide all support for the child each had in his or her custody and to waive all right to seek support for that child. The court noted that stipulations in dissolutions are favored and binding on the parties. The court determined that finding that the ALJ's order in the reimbursement action modified the parties' agreement would allow appellant to shirk his support obligation, avoid the agreement he had made during the dissolution, and obtain a college degree by doing so. The court stated that because appellant never had brought a motion to modify the agreement in the decree, he should not be allowed to collect support from respondent in violation of that agreement. The court concluded that given the unique facts of the case, appellant had an obligation to reimburse respondent for the support she paid to the county.

## ISSUE

Did the district court err in ordering appellant to reimburse respondent for the money she paid to the county as reimbursement for the public assistance furnished to appellant and their minor child?

## ANALYSIS

A district court's findings of facts will not be reversed unless they are clearly erroneous. Minn. R. Civ. P. 52.01. This court, however, need not defer to the district court's decision on a question of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). The interpretation of a statute is a question of law. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

Minn.Stat. § 256.87, subd. 1 (1992) provides:

A parent of a child is liable for the amount of assistance furnished under sections 256.72 to 256.87 to and for the benefit of the child, including any assistance furnished for the benefit of the caretaker of the child, which the parent has had the ability to pay. Ability to pay must be determined according to chapter 518.

A county may bring an action seeking reimbursement from a parent for assistance furnished to a child and the child's caretaker. *Id.* In addition to ordering a money judgment against a parent for past assistance furnished, the district court also may order the parent to make an ongoing support contribution to the county for the months when the child and the custodian continue to receive public assistance. Minn.Stat. § 256.87, subd. 1a (1992).[1]

Here, in the reimbursement action, the ALJ ordered respondent to pay $2,351 in reimbursement to the county and established her ongoing support obligation at $130 per month while appellant received public assistance. The ALJ had the same powers as a district court in this action. *See* Minn.Stat. § 518.551, subd. 10(c) (1992) (for purposes of administrative process for support orders, ALJ has all powers and duties conferred on district court judges to obtain and enforce support obligations).[2]

■ Appellant argues that the ALJ's order in the reimbursement action modified the

---

1. Until August 1, 1993, the order for ongoing support automatically continued for five months after the custodian and child stopped receiving public assistance and continued after five months if the custodian asked that it continue, the obligor was notified that the support order could be modified by motion, and the custodian agreed to use the county's support collection services. Minn.Stat. § 256.87, subds. 1a, 3 (1992). After August 1, 1993, the order for ongoing support continued automatically after the custodian's receipt of public assistance ended unless the custodian asked for the support to end. 1993 Minn. Laws ch. 340, §§ 4–5 (amending Minn.Stat. § 256.87, subds. 1a, 3).

2. In 1994, Minn.Stat. § 518.551, subd. 10(c) was repealed and replaced by a similar provision in Minn.Stat. § 518.5511, subd. 4(c). 1994 Minn. Laws ch. 630, art. 10, §§ 1, 3.

support waiver provision in the decree and that respondent therefore is not entitled to reimbursement under the decree. This court has stated that "an order entered pursuant to Minn.Stat. § 256.87 does not modify the child support provisions of a dissolution decree." *State ex rel. Hendrickson v. Hendrickson*, 403 N.W.2d 872, 874 (Minn.App. 1987). But this court also has refused to hold

> that an action under Minn.Stat. § 256.87 is strictly for reimbursement of public assistance and cannot be used as a substitute for modification of a valid support order.

*State ex rel. Miller v. Miller*, 446 N.W.2d 199, 200 (Minn.App.1989). Consequently, although an order in a reimbursement action does not modify a support provision in a decree, it supersedes a support provision in a decree for as long as the order is in effect. Accordingly, the order in the reimbursement action established past and continuing support obligations for respondent that superseded the support waiver provision in the parties' decree.

Respondent argues that because the dissolution decree was entered pursuant to the parties' stipulation, the order in the reimbursement action could not change the terms of the stipulation. *See Geiger v. Geiger*, 470 N.W.2d 704, 707 (Minn.App.1991) (stipulations generally regarded as binding contracts and favored in dissolutions), *review denied* (Minn. Aug. 1, 1991); *McNattin v. McNattin*, 450 N.W.2d 169, 171 (Minn.App.1990) (stipulation is important consideration in determining support because it is result of bartering between parties). Respondent, however, does not explain how the parties' agreement can modify the statutory authority of the ALJ to establish past and continuing support obligations in a reimbursement action.

■ Moreover,

> [t]he basic right of minor children to support by the parents may not be affected by any agreement between the parents or third persons.

*Tammen v. Tammen*, 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970). A waiver of support in a decree is contrary to public policy and unenforceable. *Aumock v. Aumock*, 410

N.W.2d 420, 421–22 (Minn.App.1987). Accordingly, any agreement between the parties to waive the right to support was not enforceable and could not remove the ALJ's authority to establish a past or continuing support obligation for respondent.

We recognize that in this case, the district court found that appellant greatly benefited when he violated his agreement to support A.J. and to waive the right to seek support for A.J. from respondent. *See* Minn. R. Civ. P. 52.01 (district court's findings will not be reversed on appeal unless clearly erroneous and due regard must be given to district court's opportunity to judge witness credibility). We also recognize that the district court intended to find a remedy for the financial burden appellant placed on respondent when he violated the agreement. However, the remedy chosen by the court enforces an agreement that is contrary to public policy and unenforceable. Accordingly, we reverse.

## DECISION

The ALJ in the reimbursement action had the authority to establish past and continuing support obligations for respondent and these obligations superseded the support waiver provision in the parties' dissolution decree. Because any agreement between the parties to waive the right to support was against public policy and unenforceable, their agreement did not provide a basis for ordering appellant to indemnify respondent for amounts she paid to reimburse the county for public assistance furnished for the benefit of appellant and the parties' child.

**Reversed.**