**Anne Elizabeth DAILEY, petitioner, Respondent,**

v.

**Tony Christopher CHERMAK, Appellant.**

No. A05–1244.

Court of Appeals of Minnesota.

Feb. 21, 2006.

M. Sue Wilson, Amy Yanik Meisel, James T. Williamson, M. Sue Wilson Law Offices, P.A., Minneapolis, MN, for respondent.

Michael L. Perlman, Karin Gjerset, Perlman Law Office, Minnetonka, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; LANSING, Judge; and GORDON W. SHUMAKER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

On appeal from the district court's order granting respondent Anne Elizabeth Dailey permission to remove the residence of the parties' minor child from Minnesota to South Dakota, appellant Tony Christopher Chermak argues that the district court (1) abused its discretion because the removal order contradicts a statement in the findings of fact that physical custody is contingent upon Dailey remaining in the Twin Cities metropolitan area, and (2) abused its discretion when it denied Chermak an evidentiary hearing on the motion for permission to change the child's residence.

Although the district court did abuse its discretion by erroneously concluding as a matter of law that conditional custody provisions limiting the minor child's geographic residence are unenforceable, it correctly granted Dailey's motion for removal on the ground that the dissolution conclusions of law, which became the judgment and decree, are binding, and that the best interests of the child did not depend on Dailey remaining in Minnesota. And because Chermak did not satisfy the requirements for an evidentiary hearing, the district court did not abuse its discretion in denying such hearing. Therefore, we affirm.

## FACTS

A judgment and decree dissolving the marriage of appellant Tony Christopher Chermak and respondent Anne Elizabeth Dailey was entered on May 20, 2004, after a contested trial. A principal issue in the trial was that of the custody of the parties' minor daughter, born June 4, 2002.

In its conclusions of law, which became the judgment and decree, the dissolution court awarded to the parties the joint legal custody of their daughter and to Dailey sole physical custody. Neither party appealed or otherwise challenged the custody awards in posttrial proceedings.

On May 2, 2005, Dailey moved for permission to change the residence of the parties' daughter from Minnesota to Mitchell, South Dakota. In opposition to the motion, Chermak cited, among other grounds, a provision in the amended findings of fact in the dissolution judgment stating: "The Court's ruling on physical custody is conditional upon petitioner remaining in the Twin Cities metropolitan area."

In its amended order granting Dailey's change-of-residence motion, the district court addressed the alleged "conditional custody" statement by ruling (1) that it did not appear that the dissolution court's "analysis of the statutory custody factors relies upon [Dailey] residing in a particular location . . ."; (2) that the conclusions of law rather than the findings of fact are binding; and (3) that the custody condition is unenforceable as contrary to Minnesota law.

The district court further determined that Chermak was not entitled to an evidentiary hearing on the motion because he failed to show the legal prerequisites to such a hearing, namely, prima facie evidence of the physical or emotional endangerment of the child or that the purpose of the residence change is to interfere with Chermak's parenting time.

From the district court's amended order denying an evidentiary hearing and permitting the change of the child's residence, Chermak appeals.

## ISSUES

1. Did the district court abuse its discretion by concluding that the conditional custody provision in the dissolution court's amended findings of fact was not legally enforceable when it conditioned Dailey's award of sole physical custody of the parties' minor child upon Dailey's residence in the Twin Cities metro area?

2. Did the district court abuse its discretion when it granted Dailey's motion to relocate the parties' minor child to Mitchell, South Dakota, and denied Chermak's request for an evidentiary hearing on the removal issue?

## ANALYSIS

### I.

*Standard of Review*

 On appeal, this court reviews decisions respecting the custody modification and change of residence of minor children for an abuse of discretion. *Silbaugh v. Silbaugh*, 543 N.W.2d 639, 641 (Minn. 1996); *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn.1985). A district court abuses its discretion when it makes unsupported findings of fact or improperly applies the law. *Wopata v. Wopata*, 498 N.W.2d 478, 481 (Minn.App.1993). Findings of fact must be sustained unless they are clearly erroneous. *Pikula*, 374 N.W.2d at 710. A finding is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been made." *LaChapelle v. Mitten*, 607 N.W.2d 151, 160 (Minn.App.2000) (quotation omitted), *review denied* (Minn. May 16, 2000). The appellate court "views the record in the light most favorable to the trial court's

findings." *Id.* We apply the abuse-of-discretion standard of review to each of the three bases upon which the district court rejected Chermak's conditional custody argument and to the court's denial of an evidentiary hearing and its grant of permission to change the child's residence.

*Conditional Custody*

### 1. The *Imdieke* Basis

■ The district court ruled that the conditional custody provision in the dissolution court's amended findings of fact is legally unenforceable, citing a pronouncement in the *Imdieke* case as authority: "To base custody or care on a parent's remaining in a certain area is a restrictive condition contrary to Minnesota Law." *Imdieke v. Imdieke*, 411 N.W.2d 241, 244 (Minn.App.1987), *review denied* (Minn. Oct. 30, 1987).

The *Imdieke* court relied on *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983), to support the proposition that conditional custody respecting a minor child's residence is contrary to Minnesota law. However, *Auge* did not involve an issue of conditional custody, and there is no statement in the *Auge* opinion that custody conditioned on maintaining a particular residence for a child is contrary to Minnesota law. *Id.*

Nor did *Imdieke* itself involve conditional custody or any dispositive issue regarding the residence of the parties' minor children. The issue there was whether it was appropriate for the district court to award split custody of the parties' four children. The court of appeals held that it was not and directed that the custody of all children be awarded to their mother.

The appellate court also commented on the district court's concern that the mother's living arrangements were uncertain. The appellate court noted that the mother had been forced to move from the homestead in Melrose because it was to be sold to pay the father's debts; that her substitute housing in Melrose had been declared substandard by the health department; and that she had to reside temporarily with her mother in Anoka while she sought employment because there were no jobs available in Melrose. There was no claim that the move from Melrose to Anoka implicated any change-of-residence laws or procedures, and there was no analysis by the appellate court as to whether the move impaired the best interests of the children, which is the paramount concern in all custody and custody-related decisions. *LaChapelle*, 607 N.W.2d at 158. Thus, the pronouncement in *Imdieke* regarding conditional custody was dictum and without basis in the law.

As determined in *LaChapelle*, there can be circumstances in which child custody may properly be made conditional on maintaining a particular geographical residence for the child. *Id.* But any such condition must demonstrably serve the child's best interests. *Id.* at 163.

Besides the unique facts of *LaChapelle*, it is conceivable that a custody award might be properly conditioned on maintaining a certain residence because of the availability in that location of special health or educational services that the child particularly needs and that are not readily or inexpensively obtainable elsewhere. Thus, we hold that there is no absolute prohibition under Minnesota law against awarding child custody on the condition of maintaining a specific geographic residence for the child, as long as that residence is shown clearly and genuinely to serve the child's best interests.

In relying on the contrary proposition here, the district court misapplied the law and thereby abused its discretion.

### 2. Prevailing Conclusions of Law

Another reason the district court gave for rejecting Chermak's conditional custo-

dy argument was that no such condition was stated in the dissolution court's conclusions of law, which became the judgment and decree, and that conclusions of law prevail over findings of fact. The court relied on an unpublished opinion of the court of appeals in support of this reason. However, unpublished opinions have no precedential effect. Minn.Stat. § 480A.08, subd. 3 (2004).

Other than the unpublished case on which the district court relied, there does not appear to be any Minnesota authority that has addressed this precise issue. There is caselaw authority that the mislabeling of a finding of fact as a conclusion of law, or vice versa, is not determinative of the true nature of the item. *Graphic Arts Educ. Found., Inc. v. State,* 240 Minn. 143, 145–46, 59 N.W.2d 841, 844 (1953); 2 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 52.5 (2004). But the concern here is not mislabeling; rather, it is the inclusion in the findings of fact a statement about conditional custody that is at odds with the conclusions of law that provide for unconditional physical custody.

▬▬ Despite the absence of precedent to resolve the issue, we are persuaded that the district court was correct in ruling that conclusions of law (which become the judgment in the case) prevail over an inconsistent statement in the findings of fact.

Upon the dissolution court's order for judgment, the district court administrator entered judgment with the following statement: "I certify that the above Conclusions of Law constitute the Judgment and Decree of the court." Through these conclusions of law, the dissolution court awarded to Dailey the sole physical custody of the parties' minor child without any residence condition or restriction, but subject to parenting-time rights in Chermak.

The parties to this litigation, any other interested persons, and the courts ought to be able to rely on a final judgment, which incorporates conclusions of law, as binding without having to look back at the findings of fact to determine whether they are consistent with the judgment. There will, of course, sometimes be conflicts between findings and conclusions, or inconsistencies, or omissions. But the law provides corrective procedures in the form of posttrial motions and appeals to resolve problems arising from such irregularities. Neither party in this case made a posttrial motion or took an appeal for the purpose of resolving the apparent conflict between the dissolution court's statement in one of the findings of fact about conditional custody and the award to Dailey in the conclusions of law of unconditional sole physical custody of the child.

The times for posttrial motions and appeal from the original judgment and decree have expired, and the judgment is considered final. *See Dieseth v. Calder Mfg. Co.,* 275 Minn. 365, 370–71, 147 N.W.2d 100, 103 (1966) (stating "[e]ven though the decision of the trial court in the first order may have been wrong, if it is an appealable order it is still final after the time for appeal has expired."). Furthermore, there can be no collateral challenge to the judgment. *See Nussbaumer v. Fetrow,* 556 N.W.2d 595, 599 (Minn.App.1996) (stating Minnesota does not permit collateral attack of facially valid judgments, and judgments alleged to be merely erroneous or founded on nonjurisdictional defects are "not subject to attack"), *review denied* (Minn. Feb. 26, 1997).

Thus, when a conflict between a statement in a finding of fact and a conclusion of law that has become part of a judgment remains after the expiration of all opportunities for corrective action, the view more in accord with the finality principle and with the prohibition against collateral attack, and the view most likely to promote a clear resolution of the conflict, is that the

judgment is binding and prevails over an inconsistent statement in an underlying finding of fact. And we so hold. Accordingly, the district court did not abuse its discretion in rejecting Chermak's conditional custody argument on this ground.

### 3. Best Interests Consideration

A final reason the district court rejected the conditional-custody contention is that it found that the dissolution court had failed to provide any analysis of the statutory custody factors to show how custody could properly be conditioned on residency. We agree, and we find this to be the most compelling reason for our rejection of the conditional-custody argument as well.

■■ All custody and custody-related rulings must clearly and genuinely consider and give effect to the best interests of the child. *In re Custody of N.M.O.*, 399 N.W.2d 700, 703 (Minn.App.1987) (citing *Wallin v. Wallin*, 290 Minn. 261, 264, 187 N.W.2d 627, 630 (1971)). In making a custody or custody-related decision, the court must find that the facts support that decision, and the court's conclusions of law must be based on adequate factual findings. *Evens v. Evens*, 376 N.W.2d 749, 750 (Minn.App.1985) (citing *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 83, 249 N.W.2d 168, 171–72 (1976)). Even if findings and conclusions are mislabeled or perhaps suffer from some other irregularity, "[t]he important consideration in cases of improper designation is not to permit a conclusion of law, in the absence of a finding of fact, to support the ultimate decision." *Graphic Arts,* 59 N.W.2d at 844.

The dissolution court's statement that "[t]he Court's ruling on physical custody is conditional upon [Dailey] remaining in the Twin Cities metropolitan area" is the final sentence in a section of findings of fact dealing with the recommendations of a neutral custody evaluator. Although the evaluator recommends, and the court agrees, that Chermak be awarded "a liberal parenting time schedule," there is no finding by the court that a restriction on the child's residency would serve her best interests. Nor does the evaluator recommend such a restriction.

The dissolution court's statement about conditional custody is not in itself a factual finding because it contains no facts and implies no particular facts. Nor is there any reference to, let alone an analysis of, a restriction on residency as serving the child's best interests in any of the other findings of fact or conclusions of law in the amended judgment and decree.

■ Chermak argues that the conditional custody provision was inserted because he expressed a fear during the trial that Dailey "might seek to move out of state and would try to squeeze him out of the child's life," and he points to the precise and liberal parenting-time allowances as supporting the residency restriction. But the maintenance of a particular parenting-time pattern is not a proper basis for a residency restriction, at least in absence of findings that the maintenance of such a pattern serves the child's best interests. *Auge,* 334 N.W.2d at 398. The requisite findings do not exist here.

Thus, we hold that there was no factual finding in the dissolution proceeding to show that conditional custody or a restriction on the child's residency would be in the child's best interests, and that deficiency renders the conditional-custody statement a nullity. The district court did not err in reaching this conclusion.

Our holding also answers Chermak's argument that the conditional-custody statement was omitted from the conclusions of law through clerical error. Absent findings that the residency restriction would serve the child's best interests, the statement in question could not properly have become a conclusion of law.

## II.

Chermak also contends that the district court erred by denying to him an evidentiary hearing on Dailey's motion for permission to change the child's residence to South Dakota.

A parent who has been awarded sole physical custody of a minor child and who proposes to change the child's residence to another state is presumed to be acting in the child's best interests in the change of residence. *Knott v. Knott,* 418 N.W.2d 505, 508 (Minn.App.1988). However, the presumption is rebuttable, and the noncustodial parent may overcome the presumption by showing that the removal of the child's residence is not in the child's best interests because it would endanger the health and welfare of the child or would be done with the intention of interfering with the noncustodial parent's parenting-time rights. *Silbaugh,* 543 N.W.2d at 641; *Sefkow v. Sefkow,* 427 N.W.2d 203, 214 (Minn.1988).

Unless the noncustodial parent can make a prima facie showing that the removal of residence is not in the child's best interests, the custodial parent's motion may be granted without a full evidentiary hearing. *Id.* (citing *Auge,* 334 N.W.2d at 396). A prima facie case is shown if there is sufficient evidence to support a particular finding if contrary evidence is disregarded. *Geiger v. Geiger,* 470 N.W.2d 704, 708 (Minn.App.1991). Mere allegations unsupported by facts and credible evidence are insufficient to establish a prima facie case. *Axford. v. Axford,* 402 N.W.2d 143, 145 (Minn.App.1987). Thus, Chermak's burden in the district court was to make a prima facie showing that the change of the child's residence from Minnesota to South Dakota is not in the child's best interests because it will endanger her health and welfare or is intended to interfere with his parenting-time rights. The district court held that Chermak failed to establish the requisite prima facie case necessary to entitle him to a full evidentiary hearing.

In his affidavit in opposition to Dailey's motion, Chermak alleges that Dailey has from the outset of the dissolution sought to restrict his parenting time. And he details the close and positive relationships the child has developed with Chermak's family and friends in Minnesota and the various Minnesota activities, such as dance and educational classes, in which the child has been involved.

As to the possibility of endangerment of the child's health and welfare, Chermak contends that the child gets more bumps and bruises when she is in Dailey's care than she does while visiting with him. He does not allege that Dailey is abusing the child but only that Dailey's level of attention toward the child is less than adequate. He also contends that long trips from and back to South Dakota will be exhausting for the child, and that, because the child will be in contact with Dailey's family members, who drink alcohol excessively, the environment for the child would impair her emotional health.

The district court found that there are legitimate economic reasons for Dailey's move, that no pattern of intentional restriction of Chermak's parenting time has been shown, and that no evidence of endangerment has been presented. Substantial credible evidence supports the district court's determinations. The allegation about the child's bruises is nebulous and suggests merely that the child is physically active. The allegation about Dailey's family's alcohol use is just an allegation and, even if true, there is no showing of how the child might be affected.

It is true that the establishment of visitation times has sometimes been contentious and has needed adjustment. But

this is not atypical of divorced parents who vie with each other for more time with their children. The evidence here does not support an inference that Dailey is intentionally attempting to reduce or restrict Chermak's parenting time. And, recognizing that long-distance visitation can be problematic, the district court adjusted the parenting-time schedule and equitably distributed the costs of transportation of the child. Furthermore, in order to ameliorate the problems of long-distance visitation as much as possible, the district court has provided for the intervention of a parenting consultant.

The district court did not abuse its discretion in denying an evidentiary hearing as to Dailey's motion to change the minor child's residence.

**DECISION**

Although the district court erred in its ruling that courts are prohibited by law from making child custody conditional on the maintenance of a particular geographical residence, the district court correctly determined that the judgment awarding unconditional custody controls and that there was no finding of fact in the dissolution judgment showing that a residence restriction would serve the child's best interests. Furthermore, the district court did not err in denying an evidentiary hearing where appellant failed to establish the prerequisites for such a hearing.

**Affirmed.**