*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2033**

In re the Marriage of:
Jan H. Kehlenbeck, petitioner,
Appellant,

vs.

Kurt H. Kehlenbeck,
Respondent.

**Filed July 7, 2014
Affirmed
Toussaint, Judge**[*]

Hennepin County District Court
File No. 27-FA-000296474

Kathryn A. Graves, Henson & Efron, PA, Minneapolis, Minnesota (for appellant)

Kurt H. Kehlenbeck, Golden Valley, Minnesota (pro se respondent)

Considered and decided by Schellhas, Presiding Judge; Halbrooks, Judge; and Toussaint, Judge.

## U N P U B L I S H E D   O P I N I O N

**TOUSSAINT**, Judge

Appellant Jan H. Kehlenbeck challenges a district court order denying her post-dissolution custody-modification motion and reducing her child-support obligation for

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

her two children. She alleges that the district court made errors of law and abused its discretion in declining to modify custody of her children and in reducing, rather than eliminating, her child-support obligation. We affirm because we observe no error in the district court's findings or conclusions.

## D E C I S I O N

***Custody modification***. A district court may not modify a custody order unless there has been a change in the child's circumstances and modification is necessary to serve the child's best interests. Minn. Stat. § 518.18(d) (2012). "The party requesting modification of a child custody order has the burden of proving on a preliminary basis that a significant change in circumstances has occurred." *Englund v. Englund*, 352 N.W.2d 800, 802 (Minn. App. 1984) (citing *Nice-Petersen v. Nice-Petersen*, 310 N.W.2d 471, 472 (Minn. 1981)). When a change in circumstances has been shown, the district court must retain the original custody arrangement unless, among other reasons, "the child has been integrated into the family of the petitioner with the consent of the other party[.]" Minn. Stat. § 518.18(d)(iii). To initiate a motion to modify custody, a movant must submit an affidavit asserting facts upon which the motion is based. Minn. Stat. § 518.185 (2012); *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 291 (Minn. App. 2007). This court reviews for abuse of discretion the district court's determination as to the existence of a prima facie case for custody modification. *Boland v. Murtha*, 800 N.W.2d 179, 185 (Minn. App. 2011).

Appellant asserts that the district court ignored two affidavits she offered to support her motion to modify child custody. One affidavit claims that as of 2011, the

parties two children, C.K. and K.K., spent the majority of their time at her home, and the other affidavit asserts that for about three years both children "spen[t] 50% or more" of their time with her, with respondent Kurt H. Kehlenbeck's consent.

Appellant has failed to establish a significant change in circumstances for custody-modification purposes. The current custody arrangement permits appellant liberal visitation, and the parenting-time order in effect permits appellant 45.1-50% parenting time with C.K. and 10-45% parenting time with K.K. The purpose of the requirement of a substantial change in circumstances is "to impart finality and stability into child custody determinations." *Englund*, 352 N.W.2d at 802. Because appellant has alleged only that the children are spending slightly more time with her than they are permitted to spend by court order, she has not established a prima facie case of a change in circumstances justifying custody modification.

***Child-Support Modification***. Appellant next argues that the district court abused its discretion by refusing to rule that she satisfied her child-support obligation by providing for her children while they were living with her, based upon the assertion that the children were integrated into her home with respondent's consent. Minn. Stat. § 518A.38, subd. 3 (2012), provides, "The court may conclude that an obligor has satisfied a child support obligation by providing a home, care, and support for the child while the child is living with the obligor, if the court finds that the child was integrated into the family of the obligor with the consent of the obligee . . . ."

As evidentiary support for this claim, appellant submitted a copy of a calendar that she purportedly began to keep in 2011 to document when K.K. was with her. She did not

3

keep a calendar for C.K. until the summer of 2013 because C.K.'s "schedule was not in dispute." The district court rejected the evidentiary value of the calendar for several reasons, including that the calendar does not state where the children stayed overnight, is incomplete, is inconsistent about where the children stayed, includes entries of a sexual relationship that gave rise to concerns about whether staying with appellant would be in the children's best interests, and, based upon a six-month average, does not establish that the children stayed with appellant a majority of time.[1] Further, the district court did not find that C.K. was integrated into appellant's home for custody-modification purposes, and respondent's flexibility in the exercise of parenting time, short of amounting to a change in circumstances, should not be used to demonstrate integration for purposes of modifying child support. *Cf. Geiger v. Geiger*, 470 N.W.2d 704, 706 (Minn. App. 1991) (stating that liberal visitation does not result in de facto joint physical custody), *review denied* (Minn. Aug. 1, 1991). Because appellant has not established a prima facie case to show that the children were integrated into her home, the district court did not abuse its discretion by refusing to rule that appellant's support obligation was satisfied by the time the children spent in her home.

Appellant also claims that the district court abused its discretion by merely reducing, rather than eliminating, her basic child support obligation. The district court reduced appellant's monthly child-support obligation from $687 to $200 after application

---

[1] The district court properly considered the most recent six-month period in determining whether the children were integrated into appellant's home. The custody-modification statute permits consideration of facts supporting modification "that have arisen since [a] prior court order[.]" Minn. Stat. § 518.18(d).

of Minn. Stat. § 518A.39, subd. 2 (2012). As we have upheld the district court's decision rejecting appellant's argument that the children were integrated into her family, we decline to address it further other than to note that we observe no abuse of discretion in the district court's decision to reduce appellant's support obligation from $687 to $200. *See Putz v. Putz*, 645 N.W.2d 343, 347 (Minn. 2002) (stating that district court has broad discretion in modifying child-support order and that order will be reversed only if the district court "abused its broad discretion by reaching a clearly erroneous conclusion that is against logic and the facts on record"); *Scott v. Scott*, 373 N.W.2d 652, 654 (Minn. App. 1985) (noting that child-support proceedings are equitable in nature and permit the district court to grant relief "to justly deal with the interests of the parties"); Minn. Stat. § 518A.43, subd. 1 (2012) (permitting a deviation from presumptive guidelines obligation to "encourage prompt and regular payments of child support and to prevent either parent or the joint children from living in poverty").

**Affirmed**.